CASE 25—MOTION—DECEMBER 18.

# Leavel vs. Bettis.

### APPEAL FROM JEFFERSON COUNTY COURT.

1. The subsequent marriage of the mother does not avoid her prior appointment of guardian of her infant child by a former marriage.

2. In the appointment of guardians as required by *section 6, article 1, chapter 43, Revised Statutes,* preference is given—first, to the father, and the mother, *"if unmarried,"* next, and directs the appointing court not to disregard that order, "unless it deems that prudence and the interest of the infant so require." This not only does not mean either to avoid female guardianship by marriage, or incapacitate a married mother to be the guardian of her fatherless infant by a former marriage, but, on the contrary, it clearly implies, that whereas, in many cases, the infant's interest may require a mother's care and tutelage, she may, and ought to, be preferred over all others in the order of precedence.

3. The appointment of a guardian, when no vacancy exists, is void; and, in such a case, a motion to remove was in effect a motion to revoke his illegal appointment.

S. S. BUSH,                                         For Appellant,
CITED—
    *Rev. Stat., sec. 6, art. 1, chapter 43.*
    *Rev. Stat., sec. 16, art. 1, chap. 37.*

S. TURNER,                                         On same side,
CITED—
    3 *Dana,* 600 ; *Isaacs vs. Taylor.*
    *Rev. Stat., sec. 11, chap. 43, 1 Stant., 576.*
    *Rev. Stat., secs. 6 and 8, art. 2, chap. 43, 1 Stant., 578.*

JEFF. BROWN,                                       For Appellee,
CITED—
    *Civil Code, secs. 363, 364.*
    3 *Dana,* 600 ; *Isaacs vs. Taylor.*
    *Rev. Stat., secs. 11 and 12, art. 1, chap. 43, 1 Stant., 576.*

JUDGE ROBERTSON DELIVERED THE OPINION OF THE COURT:

The appellee, Lizzie Bettis, once the widow of James S. Leavel, deceased, when domiciled in Garrard county, with her infant child, not three years old, was appointed her said son's guardian by the county court of Garrard. Having afterwards intermarried with her co-appellant, they, with the ward, removed to and became residents of Jefferson county; shortly after which the appellant, Squire T. Leavel, the father of her first husband, without notice to her or her appearance or consent, induced the county court of Jefferson to appoint him guardian of the said infant, then about four years old. At the next term of said court, on notice to the appellant, the appellee procured a rule on him to show cause why he should not be removed from his assumed guardianship. He responded that the appointment of the appellant, Lizzie, by the Garrard county court, had been legally vacated by her subsequent marriage; and, on that ground, he denied the necessity of notice to her of his application for the appointment, and urged the court to remove *her*.

On a full hearing, the court made an order removing the appellant; and of this he complains by this appeal.

We know no law which makes a married woman ineligible to the guardianship of her own orphan child, or which declares that marriage vacates such a trust.

The 16*th section of article* 1, *chapter* 37, *page* 500, 1 *Stanton's Revised Statutes*, relied on by the appellant's counsel, has no application to guardians. It simply provides that the marriage of an administratrix shall not, as by the common law, entitle her husband to be " a personal representative in her right; but the marriage shall operate as an extinguishment of her authority."

Neither the letter nor reason of this provident enactment applies to guardians. Its object was to prevent an

irresponsible intruder from controlling administration. But a husband never had any authority to participate in, or in any way control, the guardianship of his wife, whose trust is tutorship as well as curatorship; and therefore the two classes of fiduciaries are in separate and dissimilar categories.

Moreover, had the Legislature thought that the same reason and policy applied to each class, it would have provided a similar remedy for each; and the failure to do so is conclusive against the assumption that the spirit of the quoted section includes in its range female guardians.

Nor does the 6th section of article 1, chapter 43, Stanton's Revised Statutes, page 575, tend to show that marriage nullifies female guardianship. In merely prescribing the order of precedence, which may be claimed in the appointment of guardians, it declares the father first, and the mother, " if unmarried," next; and directs the appointing court not to disregard that order "unless it deems that prudence and the interest of the infant so require." This not only does not mean either to avoid female guardianship by marriage, or to incapacitate a mother to be the guardian of her fatherless infant, but, on the contrary, it clearly implies that when, as in many cases, the infant's interest may require a mother's care and tutelage,. she may, and ought to, be preferred over all others in the order of precedence.

Then the marriage of the appellee, Lizzie, did not avoid her prior appointment of guardian.

Consequently, the court appointing the appellant had no jurisdiction in the *ex parte* movement he made without notice; and, if there had been notice, his appointment was void, because there was no vacancy for him to fill.

In such a case, a motion to remove him was, in effect, a motion to revoke his illegal appointment, so as to leave no excuse for disagreeable collision between him and the ward's mother, who is, in law, his only guardian.

As the appellant never was the guardian, it was not necessary to specify any grounds for seeking a revocation of his void appointment.

Wherefore, seeing no error, the judgment of the court below is affirmed.