## BOWLES VS. DIXON.

1. PARENT AND CHILD; *Guardianship.*

    A father, both by statute and common law (unless unfit or incompetent), is the natural guardian, and entitled to the custody, care, and education of his minor children.

2. ————:

    He is not bound by proceedings in the Probate Court, appointing a guardian for his child, to which he is not a party.

3. ————; *Chancery Jurisdiction.*

    Chancery has jurisdiction to take the child from the statutory guardian, and restore it to the father.

APPEAL from *Chicot* Circuit Court in Chancery.

Hon. THEODORIC F. SORRELLS, Circuit Judge.

*Reynolds,* for appellant.

*Carroll & Jones, contra.*

ENGLISH, CH. J.:

The petition in this case was addressed to the Hon. Theodoric F. Sorrells, Judge of the Eleventh Judicial Circuit.

The petitioner, John Dixon, stated, in substance, that he was the father and natural guardian of two minor children, named John M. and Elizabeth, and entitled to the care of their persons, and to have the supervision of their education. That they had no property in their own right, and there was no cause whatever why he should not have the possession and custody of said children. That Elizabeth E. Bowles, of the County of Chicot, in the Circuit of His Honor, the Judge, had said children in her possession, custody and control, and withheld and restrained them from petitioner's possession unlawfully, and without his consent, and against his will.

Prayer for a writ of *habeas corpus* commanding said Elizabeth E. Bowles (or any other person having them in custody) to bring said children before His Honor, at such time and place as he

might appoint, and that upon a hearing, they be delivered to petitioner, and for other relief in the premises, etc.

The petition was manifestly framed with the view of presenting it to the judge in vacation, or at chambers, but whether so presented, does not appear.

At the October Term of the Circuit Court of Chicot County, Wm. W. Bowles, who is styled defendant in the cause, filed the following answer to the petition:

"Comes the defendant, Wm. W. Bowles, and for answer to petition says, he is the lawful and duly constituted guardian of the minors mentioned in the petition; appointed as such by the Court of Probate for the County of Chicot, and as such, claims the custody of said minors. And the defendant for further answer says, this court has no jurisdiction of the subject matter of this suit, as between the defendant, as the lawful guardian, and petitioner, for the custody of said minors."

At the same term of the court, and on the 6th of November, 1875, the matter seems to have been finally heard and disposed of by the following entry:

"On the first day of this term of court this cause came on to be heard upon the petition of John Dixon and the answer of Wm. W. Bowles, as guardian, and all other matters connected with the writ of *habeas corpus* and the attachment for contempt having been disposed of by the court, and dismissed from the cause.

"And it being admitted by respondent, that petitioner, John Dixon, is the father of the minors, John M. and Elizabeth, and it being also admitted by petitioner, that respondent, Bowles, has been appointed guardian of said minor children, by the Chicot Probate Court, on the 17th day of September, 1874, and that he held them by virtue of said appointment.

"And it appearing to the court from the testimony adduced, that said minor children had been residents of Chicot County, from their early infancy, and had been cared for by their grandparents, the father and mother of said respondent, until the death of said grandfather, said respondent had been, upon his own petition, appointed by the Chicot Probate Court as guardian of said minors, and that he still claims the custody of said minors by virtue of said appointment.

"And it further appearing to the court, that John Dixon is pecuniarily able to provide for said children, and that he is morally, religiously, and intellectually qualified to rear up said children in a proper manner.

"And the court being fully satisfied, that it has the jurisdiction and the right to pass upon the question of the right to the custody of said children, in this [proceeding, as between their father and natural guardian, and their uncle as guardian by the appointment of the Chicot Probate Court.

"And the court being fully advised in the premises, and being satisfied that the father should be awarded the custody of his said children."

" It is therefore ordered and adjudged, that said John Dixon do have the control, possession and custody of said minor children, John M. and Elizabeth, and that defendant pay the costs of this part of the proceedings.

"And defendant excepts to the decision and judgment of the court in holding that it has jurisdiction in this proceeding to hear and determine the right to the custody of the children as between the father and natural guardian, and the guardian by appointment of the Probate Court, and in awarding the custody of the children to their father, instead of remanding them to the custody of their guardian by appointment of the Probate

Court; and prays an appeal from the decision and judgment of this court to the Supreme Court."

While the record was in this condition, a transcript was brought to this court, filed, and the case docketed as upon appeal, but the transcript failing to show that an appeal was granted by the court below; the case was stricken from the docket.

Afterwards, at the January Term, 1876, of the Circuit Court of Chicot County, the following orders were made:

*January 18th.* "On motion, and it appearing to the court that the order in this cause entered of record at the October Term, 1875, failed to show that the appeal prayed for was granted, when in fact said appeal was granted as prayed for at that time. It is therefore ordered, that an order granting said appeal be entered of record now for then, in the following words: It is ordered that the appeal prayed for in this cause be granted."

And "it appearing that the clerk at the last term of this court had entered the proceedings and orders in this case on the common law record, when the proceedings were had in chancery, it is ordered that the records of this court show this fact."

A transcript was again filed in this court on the 29th of January, 1876, and within ninety days from the time when it seems the appeal was in fact granted, but not entered of record in the court below.

The appellant also prayed for an ancillary writ of *habeas corpus,* commanding appellee to bring the minors before this court, and that, upon a hearing they be awarded to the custody of appellant, alleging a want of jurisdiction in the court below to render the judgment appealed from. Action upon this application has been reserved by this court, until the hearing upon the appeal, it appearing that appellee was a suitable person

to have the custody and care of the minors pending the litigation here.

The .court below being invested, by the Constitution, with chancery as well as common law jurisdiction, had the right to make its record show whether the cause was heard and determined on its law or equity side, as it did.    We shall, therefore, .try the case as a contest in chancery between the father and the guardian for the custody of the minors ; and the only question to be decided, on this appeal, is whether the court below, sitting in chancery, had jurisdiction to take the minors from the latter and deliver them to the former.

Whether the order of the Probate Court appointing appellant guardian of the minors, on his own application, was regular, or erroneous is not a question before us in this case.

By statute, as well as by the common law, the father (unless incompetent or unfit) is the natural guardian, and entitled to the custody, care and education of his minor children.    Gantt's Digest, secs. 3035–6.    Tyler on Infancy and Coverture, ch. 16., and authorities cited.    *Mercein* v. *The People,* 25 Wend., 73.

It seems that appellee was not a party to the proceedings in the Probate Court, by which appellant was appointed guardian ; it cannot therefore be assumed that that court adjudicated upon his fitness to have the personal custody and care of his minor children, or that its judgment is conclusive against him.

That the court below, sitting in chancery, had jurisdiction to take the minors from the custody of the appellant, their statute guardian, and deliver them into the custody and care of appellee, their father and natural guardian, we think there can be no well founded doubt.    2 Story Eq., secs. 1339–4081.    *Wood* v. *Wood,* 5 Paige, 605 ; *The People* v. *Mercein,* 8 Paige, 56 ; *People* v. *Wilcox,* 22 Barbour, 189.

It affirmatively appears of record that the father was a suitable person to have the care of his children, and hence there was no abuse of discretion by the court below in awarding them to him.

How old the minors were, or whether they had any preference in the matter, if of sufficient age to choose, does not appear.

Affirmed.