### JOHN POTTS v. B. P. TERRY.

No. 447.

1. **Guardianship of Minor—Appointment by Will.**—By request of the mother of a minor, P. was appointed and qualified as the minor's guardian. Afterwards the mother died, leaving a will by which she appointed T. as her executor, and to act as guardian of the child, although P. was still acting as such. *Held*, that as the mother had lost the right to become herself the guardian of the child, she was incapable of appointing another guardian by will, except as against the contingency of the death or removal of the acting guardian.

2. **Same.**—Where a will contains a provision appointing a guardian of a minor, and there is already at the death of the testator a duly qualified guardian, it is not necessary, to enable him to continue to act as such, that such provision of the will should be annulled.

APPEAL from the County Court of Gonzales. Tried below before Hon. T. H. SPOONER.

*George Burgess,* for appellant.—But one guardian of the estate of a minor can be appointed by the court; and a duly appointed guardian can be removed only for statutory cause. Rev. Stats., arts. 2508, 2614; Kahn v. Israelson, 62 Texas, 222.

*B. P. Terry,* for appellee.—It is true that but one guardian of a minor's estate can be appointed by the court; but there is no inhibition in law against a person who may desire to dispose of his property

by will from choosing such trustee as he may see fit, to carry out the provisions of such will. And when such trustee or curator has been chosen, and has accepted the trust, the court has no authority to remove him, or deprive him of any privilege or right granted him in said will, so long as he is carrying out the wishes of the testator, and is acting in accordance with law.

JAMES, CHIEF JUSTICE.—The following is the history of this case according to the record: Mary Willie Board, a minor, owned an estate, and in September, 1882, John Potts was appointed and qualified as guardian of her estate in the County Court of Gonzales County, at the request of the child's mother, the surviving parent. In 1892 the mother died, and by her will provided that her debts should be paid, and left the remainder of her estate to the minor, appointing B. P. Terry "to execute the will and act as guardian of" the child. The executor, on June 11, 1892, filed an application in the County Court of Gonzales County for probate of the will, for letters testamentary, and for appointment "as guardian of said minor." On December 2, 1892, an order was entered probating the will, appointing Terry executor thereof, and also appointing him "guardian of the person and estate of the minor, Mary Willie Board (as is provided in said will), upon filing bond," etc.

Another recital in the order was, "And also came on to be heard the contest of John Potts in this cause filed, and applicant's exceptions to said contest being heard and considered by the court, are sustained, to which contestant excepts."

The application alleges no ground for the removal of the existing guardian, except what may be implied from the recital that applicant had been appointed guardian by the terms of the will; nor did the order appointing the applicant remove the existing guardian, unless such removal may be implied from the appointment of another. The record does not contain the contest which Potts appears to have filed in that proceeding. Potts made no effort to appeal from this order, but on December 14, 1892, he filed in the same court an application reciting the probate of the will containing the clause appointing Terry guardian of the child, and represented to the court, that at the September Term, 1882, he had become guardian of the said minor's estate at the written request of the mother; that his guardianship was still open and pending in the court; that the same had been faithfully managed, and that there existed no ground for removing him, and represented that the best interests of the minor would be subserved by omitting said provision of the will, and prayed that Terry, the executor and guardian under said provision, be cited, and said provision be annulled, and for general relief. To this application demurrers were interposed, the grounds being (1) that the application fails to show that applicant had any interest in the minor's estate; (2) that it sought to set aside a provision of the will by an instrument

made by the testatrix before her death; (3) that the allegations of applicant's appointment that his guardianship was still open, that the same has been faithfully conducted, and that no reason exists for his removal, showed no reason for annulling the clause referred to.

Then followed a general denial, and a denial that it was to the interest of the minor's estate to annul the clause "appointing defendant guardian of the estate of the minor and appointing applicant instead;" and alleged, that applicant resided in a distant county from where the minor resided and her property was located; that applicant was becoming old and feeble, and was incapacitated thereby from performing the duties of guardian; and that to annul the provision of the will by giving applicant control of the minor's estate would be directly against the wishes of the testatrix, and be without legal reason or excuse. The prayer of the answer was, that the contest be dismissed, and that the executor be permitted to carry out the provision of the will, and for general relief.

The order entered overruled the exceptions and annulled the said provision of the will, and from this an appeal was taken by Terry. This is in substance the record as filed in the District Court.

There the controversy was submitted "upon the transcript of the record of the court below," and the court sustained the exception that the County Court had overruled, held the provision of the will legal, and decreed it should be in all things confirmed and executed, ordering its judgment certified for observance.

From this Potts prosecutes an appeal to this court.

The record is given at length, because there was no evidence heard in the District Court, and a revision of its judgment is confined to what appears on the face of the transcript on which the case was there submitted.

We observe that the judge sustained the exception to the application of Potts, and in effect confirmed Terry as guardian. There was no admission by defendant of any of the facts alleged in the application; not even of the fact that Potts had previously been appointed guardian. But the transcript shows the will that was probated, and the clause in the will about which the controversy is. This fact may be said to have been before the court.

The substantial facts in the application are, that the applicant was then the guardian of the minor's estate, and had been acting as such about ten years under an appointment consented to by the child's mother.

If this was the case, it is clear that the court had no authority to appoint another guardian of the estate. Our laws forbid the appointment of two persons as guardians of a minor's estate, except where they are husband and wife. Rev. Stats., art. 2508. Our statutes also provide for the continuance in office of a guardian, and for the appointment of his successor, by articles 2511, 2512, 2616, which exclude the idea of another being appointed to succeed him before his removal.

The clause of the will appointing Terry guardian, if no guardian had already been appointed, would 'have entitled Terry to be made guardian of the estate. Rev. Stats., art. 2497. We think that this article was not intended to apply to a case where a guardian had been appointed and was in office upon the testator's request. While living, such decedent had lost the right to become the guardian, and was incapable thereafter of asking the appointee to be removed in order to be made the guardian herself (Kahn v. Israelson, 62 Texas, 222); and we think the Legislature could not have intended to empower the decedent so circumstanced to do by will what she was not allowed to do in life.

The District Court was of the opinion that the facts stated in the application entitled the appellant to no relief, and further, that the clause in the will appointing Terry guardian practically removed Potts from the guardianship; hence the judgment rendered, viz., "that the provision and direction of the will be in all things confirmed and executed," which may be taken to decree that Potts should be ousted and Terry installed as guardian on the strength of the will alone.

If it were shown that Potts was the guardian of the estate as he alleges, the clause in the will would be no obstacle to his continuing to act as guardian, and still it would not present a case for the annulment of the provision of the will, because it would be entitled to become operative when the guardianship of Potts should cease, if Terry should then be living. If Potts should die or be removed, the clause would then entitle Terry to letters. No case was exhibited that would require the provision to be annulled. The applicant seems to have labored under the idea that to maintain his right to be guardian he must have the said provision annulled, and the contestant as well as the district judge seem to have thought that if the clause is not annulled Potts was ipso facto removed and Terry made guardian. The relief asked by the applicant is that the provision be annulled, and the facts that he alleges show that such relief was not necessary to the maintenance of his right. We do not decide that he is entitled to proceed as guardian, because the fact of his previous appointment is not proved or admitted in the record, and his pleading asks for nothing more than an annulment of the clause in the will.

The conclusion is, that the judgment be reversed and judgment here rendered sustaining the general demurrer to the application of Potts, and his application dismissed, because no ground or necessity is shown for annulling the provision in the will, which is the relief sought, and setting aside the judgment so far as it may be construed to adjudge Terry entitled to letters.

*Reversed and rendered.*

Delivered October 3, 1894.