COTTONWOOD LUMBER COMPANY *v.* HARDIN.

Opinion delivered February 24, 1906.

1. DECISION—STARE DECISIS.—The holding in *Towson* v. *Denson*, 74 Ark. 303, that the payment of taxes on unimproved and unenclosed land for seven years in succession, at least three of which were made since the passage of the act of March 18, 1899 (Kirby's Digest, § 5057), operates as an investiture of title has become a rule of property. (Page 97.)

2. CONSTITUTIONAL LAW—VESTED RIGHTS.—Kirby's Digest, § 5057, providing, in effect, that the payment of taxes on unimproved and unenclosed land for seven years in succession, at least three of which are made subsequent to the passage of the act, shall operate as an investiture of title, is not unconstitutional as an arbitrary divestiture of vested rights. (Page 98.)

Appeal from Lee Circuit Court; *Hance N. Hutton,* Judge; reversed.

STATEMENT BY THE COURT.

This is an action of ejectment by W. F. Hardin against the Cottonwood Lumber Company to recover land in Lee County. The plaintiff inherited the land from one W. F. Hardin, who held it by mesne conveyance from the Government.

The defendant company and their grantors had claimed the land under color of title from 1870 to the time of action, and they had paid taxes continuously from 1870 to 1902, inclusive. The defendant alleged that it and its grantors had held the land adversely under color of title for more than seven years, and pleaded the seven years' statute of limitations. The defendant asked and the court refused to give the following instruction:

"Under the act of March 18, 1899, entitled 'An act for the protection of those who pay taxes on land,' the payment of taxes

on land by one who has color of title for seven years in succession up to the commencement of the action, at least three of such payments having been made since the passage of said act, operates as a complete investiture of title by limitation, and, under the undisputed facts in this case, the verdict must be for the defendants."

The court then of its own motion, over the objections of defendant, orally declared the law to be as follows: "Under act of March 18, 1899, where a person under color of title to unoccupied and unimproved lands has paid taxes thereon for seven years in succession, at least three of which payments being after the passage of said act, his possession is deemed to commence only from the date of the last, and not the first, payment, and that the plea of the seven years' statute of limitations can not be successfully made before the expiration of seven years from the date of the seventh payment."

The court thereupon found in favor of plaintiff, and gave judgment accordingly.

*P. D. McCulloch* and *Austin & Danaher,* for appellant.

This case is controlled by a former decision of this court, 74 Ark. 303, which has become a fixed rule of property, and ought not to be disturbed. 26 Am. & Eng. Enc. Law, 181; 47 Ark. 359; 55 Ark. 192; 22 Ark. 19; 44 Ark. 270; 59 Ark. 333.

*H. F. Roleson,* for appellees.

The act is retroactive, and therefore unconstitutional. 2 Greenleaf, 275; 11 Am. Dec. 79; Const. U. S., art. 5, Amendment XIV, § 1; art. 2, sec. 22, Const. 1874; 14 How. 488; 6 How. 332.

*P. D. McCulloch* and *Austin & Danaher,* for appellant, in reply.

The act is not wholly retroactive, but allows a reasonable time after its passage within which owners could pay the taxes and break the continuity of payments of those who might have been paying prior thereto. Such statutes are held as valid. 2 Lewis, Sutherland's Stat. Const. § 674; 41 Miss. 71; 94 U. S. 134. Limitation laws which operate on subsisting contracts, and laws regulating the registration of conveyances, are valid when a reasonable time is given within which the effect of the statute may be avoided and rendered harmless in respect to vested rights.

3 Am. St. Rep. 659; 95 U. S. 628; 168 U. S. 90; 177 U. S. 318; 185 U. S. 57; 162 N. Y. 371.

RIDDICK, J., (after stating the facts.)   This is an appeal by the defendant, Cottonwood Lumber Company, from a judgment rendered against it in favor of W. F. Hardin for the recovery of a tract of land in Lee County.   The defense of the lumber company against the action brought by Hardin to recover this land was based on the act of 1899 in reference to tax payments on wild and unoccupied land, but the case was decided by the circuit judge before the recent decision of this court in *Towson* v. *Denson,* 74 Ark. 303, in which the meaning and effect of that statute was declared and explained.   By reference to the statement of the facts in this case, it will be seen that the learned circuit judge held the same opinion in reference to the meaning of the act as was held by the judges who dissented in *Towson* v. *Denson.*   I concurred in the dissenting opinion delivered by Chief Justice HILL in that case, and, but for the decision of the court in that case, I should concur in the ruling of the circuit court in this case.   But the judgment of this court in *Towson* v. *Denson* was rendered after argument and a careful consideration of the question presented.   The question decided in that case was not one of principle, but related only to the proper interpretation of an act of the Legislature. As the meaning of the act was not clear, and as the decision was made after a full consideration of the arguments of learned counsel, I feel bound thereby, for, the decision became a rule of property, which should not now be overturned unless the statute, as interpreted by the court, is unconstitutional.

The only question, then, in this case is whether the statute of 1899 in reference to the effect of payment of taxes on wild and unoccupied land is unconstitutional and void. After consideration of the question, we do not think that this contention can be sustained.   Taking the act to mean what the court said it meant in *Towson* v. *Denson,* still we think the cases cited by counsel for appellant show that it is a valid law.   The act declares that unimproved and uninclosed lands shall be deemed and held to be in the possession of the person who pays taxes thereon, and it contains the provision that "no person shall be entitled to invoke the benefit of the act unless he and those under whom he claims

7

shall have paid such taxes for at least seven years in succession, and not less than three of such payments must be made subsequent to the passage of this act." Kirby's Digest, § 5057. Were it not for the clause that requires that at least three of the tax payments must have been made after the passage of the act, it would, under the construction given it by the court in *Towson* v. *Denson,* 74 Ark. *supra,* have been clearly unconstitutional, so far as it was retrospective in character; for, if valid, it would then have divested the title of land from many of those who had neglected to pay taxes thereon and vested it in the persons who had paid these taxes continuously for seven years or over under color of title.

But when we consider this provision of the act which requires that at least three of the tax payments must have been made subsequent to the passage of this act, we can not say that the act arbitrarily attempts to divest the title of land from owners who had not paid taxes thereon, and vest it in those who had paid taxes thereon continuously for over seven years, for the provision referred to gave owners of land who had not paid taxes at least two years in which to pay taxes and obviate the effect of the statute. This provision of the act brings it within the scope and reason of those decisions that hold that limitation laws and laws regulating the registration of deeds are not unconstitutional when a reasonable time is given within which the effect of such a statute as it applies to rights of action already existing or to existing conveyances may be avoided and rendered harmless in respect to vested rights. *Munn* v. *Illinois,* 94 U. S. 134; *Turner* v. *New York,* 168 U. S. 90; *Saranac Land & Timber Co.* v. *Comptroller,* 177 U. S. 318.

As in our opinion the act of March 18, 1899, was a valid law, it follows, from the decision of the court in *Towson* v. *Denson, supra,* under the undisputed facts in the case which show a continuous payment of taxes by defendant and.those under whom he holds for over thirty years under color of title and claim of ownership to the land adverse to the claim of plaintiff, that the judgment should be for the defendant.

Reversed and remanded, with an order that judgment be rendered accordingly.

McCulloch, J., did not participate.