LIPSEY *v.* BATTLE.

Opinion delivered October 15, 1906.

1. INFANCY—CUSTODY.—In questions concerning the custody of infants the main consideration that should influence the courts is the best interest and well-being of the child. (Page 289.)

2. BASTARD—RIGHT OF MOTHER.—The mother's right to the custody and control of her illegitimate child is superior to that of its putative father or any one else. (Page 289.)

3. INFANCY—CONSIDERATION IN AWARDING CUSTODY.—In awarding the custody of infants the courts not only respect the rights and feelings of the parents, but also when the child is of sufficient age they give consideration to its wishes. (Page 290.)

4. PARENT AND CHILD—GIFT OF CHILD.—A mother can not, by the mere gift of her child, secure release from her obligation to support it nor deprive herself of the right to its custody. (Page 291.)

5. SAME—CASE STATED.—Where a mother gave her child to another when nine months old, and when it was eleven years old was allowed by the latter to retake the child upon an agreement to pay the latter a certain sum for its maintenance, which was never paid, it was error to take the child from the mother's custody, it appearing that she was able and willing to take care of it and that it preferred to stay with her. (Page 291.)

Certiorari to Lee Circuit Court; *Hance N. Hutton,* Judge: judgment quashed.

*H. F. Roleson,* for petitioner.

The question is whether the gift of a child by its mother will be enforced affirmatively. Such gifts are against public policy, and are not strictly enforceable. 50 Ark. 354. See, also, 22 Ark. 92; Rodgers, Dom. Rel. § 564; 37 Ark. 27; Schouler, Dom. Rel. § 252; 79 Pac. 482; 27 L. R. A. 56, and note.

*W. A. Compton,* for respondent.

The welfare and best interest of the child are first to be considered. In this case the mother's right would be paramount, if she had not forfeited it by her conduct. The finding of the circuit judge, who had the parties, witnesses and child before him, and was charged with the exercise of a sound discretion, ought not to be disturbed, unless it appears from the evidence that there was an abuse of discretion or error in the judgment of the circuit judge.

RIDDICK, J. This case comes before us by a writ of certiorari to review the findings and judgment of the judge of the First Judicial Circuit giving to Hines Battle, of Lee County, the custody and control of Katie King, a minor.

The facts are as follows: One Anna King, a young and unmarried negro woman of Lee County, became the mother of a child, which she named Katie King. When this child was nine months old, its mother placed it in the custody of Hines Battle and his wife, two negro neighbors. Hines Battle testified that the mother gave the child to them to have as their own. On the contrary, Anna King testified that she was compelled to part from the child by her father with whom she made her home at that time; that she gave the child to Hines Battle on that account, "intending to take back it in the future." Hines Battle and his wife took charge of the child, supported her and kept her until she was over eleven years of age. During this time the mother continued to live not far away, and visited the child occasionally, and she says received visits from it. About two years after she parted with the custody of the child Anna King married one Lipsey. She and her husband have no children, and some eight or nine years after their marriage, and when the child Katie was over eleven years old, they concluded to take the child to their own home. Its mother, Anna Lipsey, went to the home of Hines Battle, and told Hines and his wife that she had come for her child. Battle and his wife had at that time no children of their own living with them, and had become attached to this child, and objected to parting from it. But, after discussing the matter with the mother, and finding her determined to regain the custody of the child, they agreed that she might have the child provided that she would pay them forty or fifty dollars to remunerate them

for their care of the child. The mother recognized the justness of the claim, and expressed a willingness to pay, but did not have the money, and said that she would pay as soon as she obtained the money. She was then allowed to take the child, probably on her agreement to pay something to remunerate them for the trouble and expense they had been put to in caring for it during its early infancy. The mother kept the child nearly a year, but paid nothing. Battle then began to make claims to the custody of the child. Anna Lipsey and her husband thereupon induced a merchant to offer Battle twenty dollars provided that he would make no further claim to the child. He refused, but said that he would waive his claim if forty dollars were paid. The merchant refused to pay this sum, and soon afterwards Battle procured a writ of habeas corpus from the county judge of Lee County, who, upon hearing the evidence, gave him the custody of the child. The case was then brought for review before the circuit judge, who also gave judgment in favor of Battle. The evidence adduced before the circuit judge was taken down and filed with the circuit clerk, and the case is now before us for review.

If the decision of this case turned on a disputed question of fact, we should hesitate to disturb the findings of the learned circuit judge, reinforced as they are by the judgment of the county judge on the same point. But it is seldom that a case of this kind comes here in which there is so little difference between the witness as to the facts of a case. There is no substantial difference between the witnesses as to the material facts of this case, and the question is one of law and of judicial discretion upon undisputed facts.

In questions of this kind concerning the custody of infants the main consideration that should influence the court is the best interest and well-being of the child. *Coulter* v. *Sypert, 78* Ark. 95. The courts may remove a child from the custody of its parent, but this will only be done when it is plainly necessary to secure the present and future well-being of the infant.

The mother's right to the custody and control of her illegitimate child is superior to that of any one else. 5 Cyc. 637. This right is founded on the fact that the natural love and affection of a mother for such a child would probably be greater than that of

80—19

any one else, and that the best interest of the child will generally be subserved by allowing it to remain in her custody. Now, in this case it is shown by the testimony of the witnesses on both sides that the mother and her husband are as able to take care of, provide for and educate this child as the petitioner, Hines Battle, and his wife. The evidence shows that she is attached to the child as a mother should be, and that during the year she has had the custody of it she has treated it well, clothed it properly, and sent it to school. The same thing may be said of the conduct of the petitioner and his wife, for while the girl, Katie King, testified that Hines Battle and his wife had not always treated her well, the other witnesses showed that this was not so. They also clothed and fed her, and sent her to school. But, as before stated, the right of the mother to the custody of her child should be respected, unless there is some reason to believe that the interest of the child requires that its custody should be given to another. It is a matter of great delicacy for the courts to take the custody of a child from its parent, and, as before stated, this should only be done when the well-being of the child imperatively demands it. Courts not only respect the rights and feelings of the parent, but also when the child is of sufficient age they give consideration to its wishes. The child in this case is nearly thirteen years of age. She expressed a decided preference to dwell with her mother. So far as this evidence shows, this mother and child are sincerely attached to each other, and this feeling should not be disregarded, nor the ties of affection sundered, unless the welfare of the child clearly demands that she be separated from her mother. We see nothing in the evidence that requires it.

The witnesses for both petitioner and respondent unite in saying that this mother and her husband are respectable negroes, industrious and capable of caring for the child as well as petitioner Battle and his wife. All of them say that the only thing they ever heard against this woman is the fact that she gave birth to this illegitimate child. But the petitioner has no advantage of her in this respect, for he says that he was supposed to be the father of the child. The woman denies this, and testified that she had never sustained any immoral relations with petitioner, and that the father of the child was one Coke, to whom

she was engaged to be married, but who died before the marriage was consummated. But this difference between them is unmaterial, for the rights of the mother of a bastard child to its custody is superior to that of its putative father. This rule giving the right of custody of a bastard child to its mother shows that the mere fact that a woman has given birth to a bastard is no reason why she should be deprived of its custody. As we have said, so far as character and ability to support is concerned, there is no reason shown why this woman should be deprived of the custody of her child in favor of the petitioner.

There is only one other point to be noticed, and that is that she turned over the child to petitioner and his wife when it was an infant only nine months of age, and permitted her to remain with them until it was over eleven years old. If she had never regained custody of the child, and this was a proceeding by her to recover possession of the child from them, and the child was unwilling to go with her, it might be questioned as to whether the courts should grant her request, for the court might be loth to separate the child from those to whom it had become attached by long years of association. See *Coulter* v. *Sypert,* 78 Ark. 95; *Washaw* v. *Gimble,* 50 Ark. 352. But this child has not been adopted by petitioner, and the mother can not, by the mere gift of her child, release herself from the obligation to support it or deprive herself of the right of its custody. *Washaw* v. *Gimble,* 50 Ark. 352; *Beller* v. *Jones,* 22 Ark. 92. Nor was she at the commencement of this case asking the court for the custody of the child. The evidence shows clearly that the petitioner and his wife surrendered the custody of the child to its mother upon her promise to recompense them for the expense and care they had bestowed upon it. They allowed it to remain in her custody for nearly a year. But, although petitioner often reminded her of her promise, she paid nothing. Even after petitioner was preparing to take steps to recover custody of the child, he offered to waive any further claim to it if she would pay forty dollars to cover the expenses above referred to, She offered through an agent to pay twenty, but he declined the offer, and started this proceeding before the county judge to recover custody of the child. It is plain that, if the forty dollars had been paid, this litigation would never

have commenced, and there is some ground to suspect that the moving cause of this proceeding is not so much love of this child on the part of the petitioner as the failure of the respondent to pay this money. But courts never permit the writ of habeas corpus to be used for such purposes. The petitioner, having voluntarily surrendered to its mother the custody of her child, and allowed it to remain with her for nearly a year, has no right to disturb such custody and sunder the ties of affection thus reunited by his consent because its mother has failed to pay him for the expense of its maintenance. Besides, if it is true. as petitioner intimates, that he was the father of this illegitimate child, he only discharged his duty in helping to rear and educate it.

On the whole case, we are of the opinion that the circuit judge should have set aside the order of the county judge and restored the custody of the child to its mother. The order of the circuit judge is therefore quashed, and an order will be entered here directing that the child, Katie King, be delivered to the mother, the respondent, Anna Lipsey.