## McGEORGE v. THOMASON.	(No. 6868.)

(Court of Civil Appeals of Texas.	Austin.
June 24, 1925. Rehearing Denied
Oct. 14, 1925.)

**1. Guardian and ward ☞4—Guardian of child may be appointed, without formally removing father as natural guardian.**

A guardian for minor child, whose father is living, may be appointed by probate court on application without formally removing father as natural guardian, Rev. St. arts. 4194–4205, relating to removal of guardians, having no application to natural guardians.

**2. Guardian and ward ☞4—Court has duty to appoint guardian for minor, where parent is unfit.**

Where parent, who is natural guardian of minor child, is unfit, court 'has duty to appoint some other person guardian on application.

**3. Guardian and ward ☞13(3) — Failure to serve parent with application for appointment of guardian waived by appearance.**

In application for appointment as guardian of minor child, failure to notify or serve father of child with citation *held* immaterial, where father voluntarily appeared and moved to set aside temporary appointment, which had been entered, and opposed application to make guardianship permanent; jurisdiction being attained by such appearance.

Appeal from District Court, Brown County; J. O. Woodward, Judge.

Application by Mrs. Mollie McGeorge for appointment as guardian of Louise Thomason, a minor, opposed by C. A. Thomason, father of child. From an order of county court, refusing appointment, petitioner appealed to district court. From an order dismissing the appeal, petitioner appeals. Reversed and remanded, with directions.

R. L. McGaugh and Wilkinson & Wilkinson, all of Brownwood, for appellant.

McCartney, Foster & McGee and Frank H. Sweet, all of Brownwood, for appellee.

McCLENDON, C. J. On November 26, 1923, Mrs. Mollie McGeorge, the appellant, made application to the county judge of Brown county, to be appointed temporary guardian of the person of Louise Thomason, a girl eight years of age, and prayed that after notice of the application she be appointed permanent guardian of the person of' said

minor. She also prayed that some other suitable person be appointed guardian of the minor's estate. In the application, she alleged that the minor's mother was dead; that the minor had an estate of the probable value of $3,000; that the father of the minor, C. A. Thomason, the appellee herein, and his then wife were wholly unfit and improper persons to have the care, custody, and education of the minor, setting out specifically various acts of ill treatment, cruelty, etc., on behalf of Thomason and wife towards the minor; and that the father of the minor was squandering and misappropriating the latter's estate. On the day this application was filed, an order was entered granting it and appointing appellant temporary guardian of the minor's person, and W. A. Bell, guardian of her estate. On December 4, 1923, appellee applied to the county judge for an order vacating the appointment of appellant as temporary guardian of the minor's person, urging in this connection that the appointment was void, because no notice had been given him of the hearing.

On the same day, he filed an application to be appointed temporary guardian both of the person and estate of the minor. On December 10, 1923, he filed what he termed an amended petition in the form of a bill of review of the order appointing appellant temporary guardian of the minor's person, alleging that he was in all things qualified to act as guardian of the minor, and making allegation of fraud and conspiracy not necessary to set out. On December 10, 1923, appellant filed an answer to this motion or petition, reiterating the allegations in her original petition. On December 10, 1923, the county court upon hearing, ordered that the prior order appointing appellant temporary guardian be set aside, and that the grandparents of the minor be given her custody and control pending the controversy. On January 7, 1924, appellee filed an objection to any further orders in the cause or attempt to continue in force the order appointing appellant temporary guardian, on the ground that such order was improvidently made, and was void because no notice had been given to him. On January 16, 1924, appellant filed an answer to this pleading, in which she again reiterated her charges that appellee was not a proper person to have custody of his minor daughter. On February 15, 1924, the county court upon hearing entered an order revoking the appointment of appellant as temporary guardian, and providing that it be not made permanent. In the same order the appointment of W. A. Bell as temporary guardian of the minor's estate was made permanent. From this order, in so far as it affected appellant, she appealed to the district court of Brown county. When the cause reached the latter court, appellee

──────────────

filed a motion to dismiss it from the docket for lack of jurisdiction of the court on the ground that the county court never acquired jurisdiction in the matter, because appellee was in law the natural guardian of the person of his child, and no order removing him or attempting to remove him was made prior to the time the county judge entered. the order appointing appellant temporary guardian. This motion was granted, and the cause dismissed. The present appeal is from this judgment of dismissal.

[1] The case presents but one question in this court, namely, whether the county court, sitting in probate, has the power to entertain an application for the appointment of a guardian of the person of a minor, whose father is living, without formally removing the father as natural guardian. We think clearly the proper answer to this question is in the affirmative. Appellee has cited in support of the district court's judgment the following cases: Potts v. Terry, 8 Tex. Civ. App. 394, 28 S. W. 123; Sanitarium v. Crim, 38 Tex. Civ. App. 1, 84 S. W. 1114; Jordan v. Smith, 5 Ga. App. 559, 63 S. E. 595; Lewis v. Klineberge, 100 Conn. 201, 123 A. 5; Robinson v. Zollinger (1840) 9 Watts (Pa.) 169; Copp v. Copp, 20 N. H. 284; Leavel v. Bettis, 3 Bush (Ky.) 74; Bledsoe v. Britt (1834) 6 Yerg. (Tenn.) 458; Redman v. Chance, 32 Md. 42; Poston v. Young (1832) 7 J. J. Marsh. (Ky.) 501; Bowles v. Dixon, 32 Ark. 92; White v. Pomeroy, 7 Barb. (N. Y.) 640; In re Dahnke's Estate, 64 Cal. App. 555, 222 P. 381; Mullen v. Hawkins, 97 Okl. 30, 222 P. 697; Wortham v. Johns, 22 Okl. 562, 98 P. 347; Norval v. Zinsmaster, 57 Neb. 158, 77 N. W. 373, 73 Am. St. Rep. 500; In re Burdick, 41 Misc. Rep. 346, 84 N. Y. S. 932.

The Texas cases are clearly, we think, not in point. In Potts v. Terry. it was held that a guardian, appointed by the court during the life, and at the request of the minor's mother was not ousted by the probate of the will of the mother naming another party as guardian.

In Sanitarium v. Crim, the holding was that the county court has no power to appoint a second guardian so long as a prior guardian is still acting. The cases from other states, in so far as they may be in point, are based upon statutes of those states not in force in Texas. In the Georgia and Connecticut cases it was held that the natural guardian must be removed, before the court can appoint a guardian of the person. But it was pointed out in the opinions in those cases that statutes of those states specifically provided for such procedure.

In the Pennsylvania and New Hampshire cases it was held that the orphans' court has no power to appoint a guardian, where the testamentary guardian has not been removed.

In the first Kentucky case cited it was held that the appointment without notice of a guardian, where the minor's mother had already been appointed by the court, was void.

In the Tennessee case it was held that a guardian cannot be appointed, where there has been a prior appointment, except where the first guardianship has been renounced or revoked.

The Maryland case holds that, where the father or mother of the minor is living, notice must be served upon them as a condition precedent to appointing any one else guardian.

In Poston v. Young, an early Kentucky case, it was held that the probate court has no power to appoint a guardian of an infant whose father is alive. The report of the case is very meager, and the holding seems to rest upon a statute in force at the time authorizing appointment of orphans. The court say:

" 'Orphan' in legal parlance is one whose father is dead."

The Arkansas case holds that a parent is not bound by probate proceedings appointing a guardian of his minor child, and a court of chancery has jurisdiction to take the child from the custody of the court appointing the guardian and deliver it to the custody of the father, it appearing that the latter is a suitable person.

The New York case of White v. Pomeroy and the California and Oklahoma cases hold that notice to the natural guardian is necessary before appointment of a guardian.

The Nebraska case and the case in 84 N. Y. S. are to the effect that custody of a child should not be taken from its parent, unless the latter is shown to be an unsuitable person to care for the child.

It will be seen that none of these cases, except those in which special statutory provisions were involved, are in point upon the question at bar. We think it clear under the statutes of this state that the probate court has power to appoint a guardian of a minor who has a living parent, without entering an order formally removing the parent as natural guardian.

[2, 3] It may be conceded that this power cannot be exercised without giving to the parent notice and an opportunity to appear and contest the appointment. Whether the original appointment of appellant as temporary guardian was void or merely voidable, it is unnecessary to determine. The application clearly raised the question of appellee's fitness as guardian of his minor daughter. If the allegations made were true, it was the duty of the court to appoint some other person guardian of the minor. Whether appellee was originally notified or served with citation became immaterial when he voluntarily appeared and moved to set aside appellant's appointment as temporary

guardian, and opposed her application to have the temporary guardianship made permanent.

The county court clearly had jurisdiction under the allegations and counter allegations to determine whether appellee, as natural guardian, was an unfit person to have the custody of his minor daughter. A decision of this question, favorable to appellee, would end the controversy. If decided adversely to him, the duty would then devolve upon the court to determine whether the guardianship should be awarded to appellant or some other person, and in so doing to determine the fitness of the guardian appointed. The provisions of R. S. c. 14, tit. 64, relating to the removal of guardians, in our judgment, has no application whatever to natural guardians of the person. When application is made for guardianship of the person, and the natural guardian is notified or voluntarily appears in the proceeding, and upon hearing the application is granted, such order destroys, at least until it is set aside, the rights of the natural guardian, and in effect is a removal of the natural guardian.

The judgment of the district court is reversed, and the cause remanded to that court for trial upon the merits of the controversy, as set forth in the pleadings of the respective parties.

Reversed and remanded.