HANCOCK *v.* HANCOCK.

4-5378　　　　　　　　　　　　　　　　125 S. W. 2d. 104

Opinion delivered February 20. 1939.

*Partlow & Bradley,* for appellant.

*J. G. Waskom* and *H. P. Maddox,* for appellee.

HUMPHREYS, J. This is an appeal from the chancery court of Poinsett county dismissing a petition in *habeas corpus* for the custody of a child under fourteen years of age by its mother against its stepmother who had the custody of the child as guardian by appointment of the clerk of the probate court of said county either before or after the confirmation of the appointment by the probate court, on the ground that the chancery court was without jurisdiction to try the cause.

The petition alleged that appellant was the mother of the child and after the final separation of appellant and the father of the child she resided in Memphis, Tennessee, and kept the child; that in January, 1933, the father of the child married appellee and early in 1934 he obtained custody of the child who lived with him and appellee in Marked Tree, Poinsett county, Arkansas, until the father died on July 5, 1938, and thereafter with appellee; that on July 8, 1938, appellee applied for and was granted letters of guardianship of both the person and property of the child by the probate clerk of said county and the approval of the appointment was set down for hearing in the probate court on August 18, 1938; that this petition for a writ of *habeas corpus* was filed in the chancery court

of said county on the 17th day of August, 1938, and on said date the writ was issued and delivered to the sheriff and served upon appellee on the 18th day of August, 1938, before the time for trial in the probate court.

In addition to the allegations set out above it was alleged that appellant was a proper person to have the custody of her child and was able to support and care for him. It was also alleged that appellant did not have an adequate remedy at law.

A motion to dismiss the petition was also filed by appellee specifically alleging: ''That the probate court of Poinsett county, Arkansas, having appointed defendant herein as guardian of the person and estate of the said minor child, this court has no jurisdiction of the cause of action, if any, stated, in plaintiff's petition.''

Appellee also filed a response to the petition for a writ of *habeas corpus* denying that appellant was a proper person to have the custody of her child and attached thereto a copy of the divorce decree showing that the father obtained a divorce from appellant on the ground of adultery.

The only question arising on this appeal is whether the chancery court had jurisdiction of the cause of action. The cause was dismissed for the want of jurisdiction because the matter of the appointment of a guardian for the person of the child was pending in the probate court.

In this state, the law is that a mother after the death of a father, becomes the natural guardian of the children and is entitled to their custody. Section 6220 of Pope's Digest is as follows: ''In all cases not otherwise provided for by law, the father while living, and after his death, or when there shall be no lawful father, then the mother, if living, shall be the natural guardian of their children, and have the custody and care of their persons, education and estates; and, when such estate is not derived from the person acting guardian, such parent shall give security and account as other guardians.''

This section governs the right of a mother to the custody of her child in the event the father dies, whether she is a resident of the state or not, provided of course,

the child is within the jurisdiction of the court. In other words, if a father who has the custody of a child in this state dies, the mother is entitled to the custody thereof, if a fit person, whether she resides in this state or not, under the statute quoted above.

It is true that the probate court has power under § 6202 of Pope's Digest to appoint guardians for minors and possess the control and superintendence of them, but this does not mean that the probate court may appoint a third party guardian of a minor if the mother under the provisions of § 6220 is entitled to the custody thereof. A nonresident mother would have no right to ask that a probate court appoint her guardian for her child. The probate court is prohibited from appointing a nonresident of this state either a guardian or curator by § 6121 of Pope's Digest, which reads as follows: "No person other than a resident of this state shall be appointed a guardian or curator, and if, after his appointment, any guardian or curator remove from this state, his appointment shall be revoked and proceedings had as in other cases of revocation."

It follows that a nonresident mother could not obtain custody of her child in a probate court. If a nonresident mother is a fit person and has a right to the custody of her child her remedy would be elsewhere and not in the probate court. In the case of *Bowles* v. *Dixon,* 32 Ark. 92, a *habeas corpus* proceeding was filed in the chancery court by the father to recover the custody of his children against Elizabeth E. Bowles. An answer to the petition was filed by William W. Bowles setting out that he was the lawful and duly appointed guardian of the minors mentioned in the petition, appointed as such by the probate court of Chicot county and as such claimed the custody of said minors, and pleaded that the chancery court had no jurisdiction of the subject matter of the suit.

On the trial it was shown that John Dixon was the father of the children and that William Bowles had been appointed guardian of said minor children by the probate court and this court said:

"Whether the order of the probate court appointing appellant guardian of the minors, on his own application, was regular, or erroneous, is not a question before us in this case.

"By statute, as well as by common law, the father (unless incompetent or unfit) is the natural guardian, and entitled to the custody, care and education of his minor children. . . . That the court below, sitting in chancery, had jurisdiction to take the minors from the custody of the appellant, their statute guardian, and deliver them into the custody and care of appellee, the father and natural guardian, we think there can be no well founded doubt."

Our conclusion is that the chancery court erred in dismissing the petition for writ of *habeas corpus* for the want of jurisdiction to try the cause. The defense interposed by appellee that she had been appointed guardian of the child by the probate court was no defense to the action of appellant for the custody of her child if a fit person to have the custody and control thereof. The chancery court should have heard the case on its merits as to whether the mother was a fit person to have the custody and control of her child.

On account of the error indicated, the decree dismissing the petition is reversed and the cause is remanded to the trial court to hear the case on its merits.