DOSTER *v.* BELL.

5-2769                                    361 S. W. 2d 28

Opinion delivered October 15, 1962.

*Parker Parker,* for appellant.

*Williams & Gardner,* for appellee.

PAUL WARD, Associate Justice. This is an action brought by Mr. and Mrs. Doster in probate court to remove a guardian previously appointed for Mr. Doster's four children. From an adverse order appellants prosecute this appeal for a reversal.

Mr. Doster's first wife died April 8, 1956 leaving four children whose ages at that time were three, six, eight and nine. The probate court of Yell County, on a waiver signed by Doster, appointed Wesley Bell (grandfather of the children) as guardian of the persons and estates of the children. The order of appointment was made May 8, 1956 under docket number 271.

Later Mr. Doster moved to Little Rock and remarried. He and his present wife are the appellants herein. On June 2, 1959 appellants filed a petition in the Yell County probate court (docket No. 271) asking to have the guardian (appellee herein) discharged, and to have custody of the children given to them. Later they petitioned the same court to grant them rights of visitation. The record contains an ''Exchange Agreement'' (between two chancellors) wherein reference is made to a ''petition of adoption'' under case number 272, but this proceeding seems to have been abandoned. Then on February 13, 1960 Mr. Doster made a motion (later granted) to transfer cases 271 and 272 to the Pulaski County probate court. Pursuant thereto the probate court of Pulaski County ordered the causes docketed as cause No. 3747.

After testimony was presented by both sides on September 25, 1961, the court made the following findings: Appellee is the paternal grandfather of Charlette, Darlette, Sandra Kay, and Chester T. Doster, Jr.; said children have lived with appellee and his wife since May 1956, and they give the children a good home with proper care and training; that Mr. Bell is a proper person to act as their guardian; that from observation of and an interview with the children he finds them happy and satisfied with their present home and surroundings and they desire to remain with their grandparents; and that appellants have failed to prove any statutory grounds required for the removal of the guardian, and that it is not to the best interest of the said minors at this time to terminate the guardianship. The court further found that the children should be given an opportunity to become better acquainted with their natural father. The court then denied appellants' petition for removal of

Bell as guardian, and granted the children permission to visit in the home of their father four days at the end of the year and also during one-half of the vacation period between school terms.

For a reversal appellants present their argument under five separate headings, but we find it necessary to discuss fully only one general question which substantially includes all questions raised.

It is ably and forcefully contended by appellants that the natural father is entitled to the custody of his children, and that he is a fit and proper person to have such custody. In support, appellants rely on expression of this Court in *Lipsay* v. *Battle,* 80 Ark. 287 97 S. W. 49; *Kirk* v. *Jones,* 178 Ark. 583, 12 S. W. 2d 879; *Hancock* v. *Hancock,* 197 Ark. 853, 125 S. W. 2d 104; and, *Brown* v. *Brown,* 218 Ark. 624, 238 S. W. 2d 482. We are aware that in these and other decisions of this Court we have recognized the rights of parents over and above that of relatives or strangers in cases of this kind. However, in these cases we have also consistently looked to the best interest of the children as the guiding factor. The record reveals that the trial court considered both sides of this question in making his decision, and we are unwilling to say he ruled against the weight of the evidence. On the one hand the father has remarried and has established a home, but on the other hand the record reflects certain facts and circumstances indicating it was to the best interest of the children, at least for the present, to remain with their grandfather and grandmother. Unfortunately, for appellants, it appears from the record that the father was at one time considered incompetent and that he has a record of several convictions for minor law violations. The trial court, as before noted, talked with the children and obtained their wishes and desires. The court then very wisely, we think, gave the children opportunity to get better acquainted with their father and the surroundings in his new home. Some of the children are now, and others soon will be, of such age as to be able to choose where they would like to live. Considering all these things we cannot say the trial court failed to act in the

best interest of these children. We find no valid reasons for discharging Bell as guardian, and find the trial court was justified in refusing to do so.

We find no merit in appellants' contention that the trial court should have granted their petition to discharge Bell because he filed no answer in accordance with Ark. Stats. § 27-1135. In the first place, it is not shown that Bell was served with a summons as the statute requires. Moreover appellants participated in all subsequent proceedings without objection on their part.

Neither do we agree with appellants' statement here that "the order appointing Bell is void" because his bond was not approved by the court. The bond for $500 appears in the record, showing a filing date of May 4, 1956. Also shown in the record is the "Order Appointing Guardian". It is dated May 8, 1956 and contains these words: "It is further ordered, adjudged, and decreed that the bond of such guardian filed herein in the sum of $500 is hereby in all things approved and confirmed."

Finding no error, the decree of the trial court is hereby affirmed.

Affirmed.