WAKEFIELD TRUST COMPANY *vs.* WILLIAM E. K. WHALEY.

A Probate Court in 1890 appointed D. guardian of a ward's estate, and in 1891 guardian of the same ward's person and estate.

*Held*, that the second appointment was valid only as an appointment of a guardian of the person.

In 1892 *assumpsit* was brought against the ward, and the writ was served by attachment and by summons.

*Held*, that the attachment was void, but that the plaintiff could prosecute the action, any judgment to be satisfied out of what property the ward might hereafter acquire; there being no surplus in the guardian's hands after paying the debts exhibited to him within the statutory six months from notice given of his appointment.

ASSUMPSIT. On demurrers to plea and to replications.

*Providence, July* 2, 1892. MATTESON, C. J. The plaintiff sues in an action of *assumpsit* on a promissory note, the declaration containing, besides the count upon the note, the usual common counts. The action was begun by a writ dated January 30, 1892, and served by attachment of the defendant's interest in certain real estate, and also by summoning the defendant. The defendant, by his guardian, in addition to the general issue, upon which issue

has been joined, has pleaded specially in bar that, on June 16, 1890, the Probate Court of the District of Narragansett, in which district the defendant was then and now is a resident and legally settled, and in which he then owned and was possessed of real and personal estate, appointed Daniel A. Caswell, of said district, as the guardian of his estate, upon the petition of Mary L. Caswell, the daughter of the defendant, setting forth that the defendant, by reason of excessive drinking, had rendered himself incapable of managing his estate, and was likely to bring himself and family to want, and to render himself and them chargeable; that said Daniel accepted the trust and qualified himself to act, and on, to wit, the same day gave notice of his appointment in a newspaper published in South Kingstown by advertisement for six successive weeks thereafter, and in the same notice notified the creditors of his ward to exhibit their claims to him as guardian within six months from the date of said notice; that the plaintiff did not within six months exhibit to him as such guardian the claims upon which the action is brought, or any of them; that, ever since his appointment as stated, the said Daniel has continued to be the guardian of the estate of the defendant; and that there is no surplus property of the defendant in his hands after paying the debts of the defendant exhibited to him within said six months, and the expenses and allowances made by the Court of Probate in his administration of his ward's estate; and that he never allowed any of the claims of the plaintiff. To this plea the plaintiff demurred.

The defendant, also, by his guardian, has pleaded a second plea in bar, which sets forth in similar form a second appointment on September 4, 1891, of said Daniel, by said Court of Probate, as the guardian of the *person and estate* of the defendant, and his acceptance and qualification as guardian, the giving of the notice of his appointment, and notification to creditors to exhibit their claims to him within six months from the date of the notice, the presentation by the plaintiff of the claims sued on to the guardian, and that the guardian had neither allowed nor disallowed such claims. To this second plea the plaintiff has replied, setting up, *first*, the first appointment of the guardian; and, *second*, that an appeal was taken by the defendant from the decree of the court making the

second appointment.  To these replications the defendant has demurred, and plaintiff has joined in the demurrer.

Pub. Stat. R. I. cap. 179, § 8, authorizes a Court of Probate to appoint a guardian of the person and estate, or of the person only, or of the estate only, of a person subject to guardianship under such court.  Cap. 168, § 27, requires every creditor of a ward to exhibit his claim to the guardian within six months after notice given as required in § 18 of that chapter, and provides that, if he fails to do so, he shall be forever barred of all claim therefor against the guardian, unless there shall be surplus property in his hands, after paying all debts and expenses and allowances made by the Court of Probate.

The demurrer admits the appointment of the guardian on June 16, 1890, his acceptance of the trust and qualification to act, the giving of the notice of his appointment, the notice to creditors to exhibit their claims to the guardian, and that there is no surplus property in his hands after paying the debts exhibited to the guardian, and the expenses and allowances made by the Court of Probate.  We are of the opinion that the appointment of the guardian of the defendant's estate on June 16, 1890, was, under Pub. Stat. R. I. cap. 179, § 8, a valid appointment, and that it was not affected by the subsequent appointment on September 4, 1891, which was valid only as an appointment of a guardian of the *person* of the ward.  This being so, we think the service of the writ by attachment of the defendant's property was void; but we do not think that the plaintiff is precluded from having a judgment against the ward, if its claims are well founded, which may be satisfied out of any property that may hereafter be acquired by the ward.  The first plea, therefore, as a plea in bar, is insufficient, and must be overruled.

The appointment of the guardian of the estate of the defendant on June 16, 1890, being valid, it follows that the second plea in bar, setting up the subsequent appointment on September 4, 1891, is bad, and must also be overruled.     *Order accordingly.*

*James Tillinghast & Theodore F. Tillinghast*, for plaintiff.

*Albert B. Crafts*, for defendant.