### ST. PAUL SANITARIUM ET AL. v. J. E. CRIM.

Decided January 14, 1905.

**1.—Guardianship—Sale of Land—Two Guardianships Pending.**

A proceeding in a Probate Court appointing a guardian for the estate of a minor, and a sale of the minor's land by the guardian under the order of the court, are void where there was another prior guardianship pending in which the guardian was still acting and not discharged.

**2.—Same—Jurisdiction—Innocent Purchaser—Notice.**

The want of jurisdiction in the court to appoint the second guardian was a matter of which the purchaser of the land was bound to take notice.

**3.—Same—Limitation of Guardian's Power.**

Where a third person was appointed, by a Texas court, guardian of the estate of a resident minor under fourteen years of age, and the minor's father waived his right to the guardianship "in regard to whatever property should be coming to him (the minor) in Kentucky from the estate of his grandfather," but the order appointing the guardian did not limit his authority to the Kentucky property, such guardianship, it seems, extended as well to the property of the minor situated in Texas.

Appeal from the District Court of Dallas. Tried below before Hon. T. F. Nash.

*W. P. Ellison* and *Crane & Wharton,* for appellants.—Although there was no order showing that Peck had been discharged or suspended, and although, for the purposes of argument, it might be conceded that he had been guardian of the entire estate of the plaintiff, and although it might be conceded that the appointment of Cole was irregular; yet, the County Court of Dallas County having recognized him as the guardian of J. E. Crim, having ordered him to sell the property as such guardian, and having approved the sale thus made, it is valid. In the language of the court in Poor v. Boyce (12 Texas, 449), "if he (meaning the guardian) alienates property of the estate by order of the Probate Court and in the manner prescribed by law, though his appointment was not regular and legal, the title of the bona fide purchaser will nevertheless be good and indefeasible." And it will be presumed, if necessary to support the title, that an order suspending Peck was really made, though not entered.

The same doctrine is announced in the case of Martin v. Robinson (67 Texas, 374).

*Jeff Word,* for appellee.—Where there is a valid, subsisting, legal guardianship existing on the estate of a minor, in full force and vigor, with a duly and legally appointed guardian acting, another guardianship on such estate can not be legally taken out and exist. And a sale of the property of such minor in such second guardianship, made while such first guardianship is subsisting and in full force, is void, and the purchaser acquires no title. In other words, there can not be two legal, subsisting, valid guardianships on the estate of a minor at the same time in this state. Sayles' Civ. Stats., art. 2589; Potts v. Terry, 28 S. W. Rep., 122-124; Sayles' Civ. Stats., arts. 2696, 2697, 2698; Kahn v. Israelson, 62 Texas, 222; Paul v. Willis, 69 Texas, 261; Withers v. Patterson, 27 Texas, 491; Munson v. Newsom, 9 Texas, 109; Waggener v. Haskell, 89 Texas, 434; Lovering v. McKinney & Williams, 7 Texas, 521; Lindsay v. Jaffray, 55 Texas, 626.

RAINEY, Chief Justice.—This is an action of trespass to try title to two lots in the City of Dallas, brought by appellee. Defendant answered by general denial, and not guilty, and also vouched in J. T. O'Connor and L. C. De Saint, who plead the general denial. The case was tried practically upon an agreed statement of facts.

Only two questions arise on this appeal, viz.: (1) Was the sale of the interest of appellee J. E. Crim in the land, through George C. Cole, as guardian, by order of the Probate Court, void, and did it divest title out of him? (2) Was said Crim entitled to recover without first tendering the purchase money paid at said sale?

1. The facts pertinent to these two issues are that, in 1886, said J. E. Crim was the owner of thirteen-seventy-seconds undivided interest in and to the land in controversy. At that time he was a minor, and remained so until December, 1897.

2. In May, 1886, M. K. Peck, a brother-in-law of Crim, was duly appointed guardian of the estate of said Crim by the Probate Court of Dallas County, and qualified as such. Crim being under fourteen years of age, his father filed a waiver in favor of Peck "in regard to whatever land and money is coming to him in Clark County, Kentucky, from the estate of his grandfather, Mr. Jesse Hart." The order making the appointment does not limit his guardianship to the Kentucky land. In 1887 Peck made his annual report to the court, showing that he had collected money from Kentucky, and that there was belonging to said minor eight and one-half acres of land in said state, and beyond this said minor had no property except his interest in the homestead of his deceased mother, on which the father resided, in Dallas, Texas, which could not be partitioned. Peck again, in 1894, filed another report in said estate, and in 1898 he filed his final report and was discharged. This proceeding was numbered on the docket 921.

3. In 1888 the Probate Court of Dallas County appointed George C. Cole, on application, guardian of the estate of said Crim, and he took the oath and gave bond. Cole filed an inventory showing property in

Dallas, Texas, owned by said Crim. This proceeding was numbered 1180. Crim's father filed a suit in the District Court, claiming a part of said property, and recovered judgment therefor. Cole, as guardian, was made a party to this suit. The part recovered by Crim (minor) in that suit was decreed to him in this suit.

4. On February 4, 1890, Cole made application for the sale of land, stating that this land was all the property that was owned by the minor Crim, and the sale was necessary for his maintenance and education. This application was granted, and the land ordered sold at private sale. By virtue of this order Cole sold the land to O'Connor and De Saint. The sale was reported to the Probate Court, same approved, and deed made accordingly.

Was the proceeding by the Probate Court, in appointing Cole guardian, and selling the land in the manner stated, void, when there was pending another guardianship in which the guardian was still acting, and not discharged? Probate Courts in this state have only such powers as are delegated them by statutes. Article 2589, Revised Statutes, provides: "Only one guardian can be appointed of the person or estate; but one person may be appointed guardian of the person and another of the estate whenever the court shall be satisfied that it will be for the advantage of the ward to do so. Nothing in this article shall be held to prohibit the joint appointment of husband and wife." Thus it will be seen that the statute expressly limits the court to the appointment of but one guardian of the estate of a minor, making only one exception, and that as to the joint appointment of husband and wife.

In Potts v. Terry (8 Texas Civ. App., 397; 28 S. W. Rep., 122), the court, in construing this statute, held that, when a guardian was appointed, his discharge was necessary before authority existed in the court to appoint another. "What is prohibited by law is as clearly invalid as if it had been declared void." (Stallings v. Hullum, 89 Texas, 431.)

There being a guardianship of the estate of the said minor, Crim, with W. K. Peck as guardian, existing at the time Cole was appointed, the court was without authority to appoint Cole, and such appointment was void, and all proceedings thereunder were nullities. (92 Am. St. Rep., 301; Woerner on Guard., secs. 29-35.)

But it is insisted that the Probate Court had jurisdiction to order the sale of the land, and that such proceedings were merely irregular, and the purchasers being innocent, the interest of Crim in said land was vested in said purchasers. We do not concur in this view of the case. We think the authority of the court to proceed in cause number 1180 being wanting, the purchasers were bound to take notice of such want of authority, and no title was acquired by them. Cole was not the guardian of said estate, and the approval of his action in the premises was void. (Woerner on Guardianship, sec. 72; Frederick v. Pacquette, 19 Wis., 569.) He stood as though the court had ordered the sale of the land by an entire stranger in a proceeding other than the regular guardianship. The fact that the court had the jurisdiction to order the sale in the regular guardianship proceedings did not give it authority to order the sale in another and entirely different proceeding.

As there was no proof that the minor, Crim, received the money paid

for the land, or that it was expended for his benefit, his right to recover the land did not depend upon his making a tender thereof. (Bullock v. Sprowls, 93 Texas, 188.)

Believing the sale of the land was void for want of authority in the court to order it made, the judgment is affirmed.

*Affirmed.*

Writ of error refused.