## ALICE LOMAX ET AL. v. MELISSA T. COMSTOCK.

Decided April 22, 1908.

**1.—Guardian and Ward—Sale by Guardian—Probate Proceedings—Revision.**

The proceedings of a Probate Court should not be lightly set aside. The orders in such proceedings are adjudications, and sales by a guardian, under direction of the court, should not be set aside for irregularities or errors in the proceedings, unless it appears that some injury or injustice has been done the estate thereby. The fact that full value is received for property of a ward, sold by a guardian, will overcome many irregularities in the sale.

**2.—Same.**

Where it appeared from an application by a guardian, for the sale of land belonging to the estate of his ward, that the estate was indebted, and that he

had no funds, or not a sufficient amount of funds, to pay the indebtedness, and the order of the court granting the application recited that a necessity existed for the sale of the property to prevent it being sold for taxes, and for the purpose of paying off claims against the estate, the sale was valid, notwithstanding the fact that only fifteen days elapsed between the posting of the notice of the application for sale and the return and filing thereof, and there was a slight mistake in the name of the estate in the application as posted.

### 3.—Same—Duty of Purchaser.

A purchaser at a guardian's sale is required to look only to the application for sale, and its exhibits, and to the order of sale.

### 4.—Same—Sale of More Property than Necessary—Discretion of Court.

Where the land sought to be sold by a guardian consists of one parcel, the propriety or possibility of selling a part, instead of the whole, is a matter for the county judge to determine, and a purchaser at the sale cannot be affected by his decision, if erroneous.

### 5.—Same—Sale of Improved Land—Terms.

Although the statute requires that, in the sale of improved land belonging to the estate of a ward, one-third of the purchase money must be paid in cash, a sale of such land by a guardian for one-fifth cash, and the balance in equal payments, will not vitiate the sale or the confirmation thereof by the Probate court when it appears that no injury resulted to the estate therefrom.

### 6.—Homestead—Divorced Woman.

A divorced woman, without children, is not entitled to the homestead exemption.

### 7.—Guardian's Sale—Previous Agreement with Purchaser.

A previous agreement between a guardian and a prospective purchaser of the ward's land, as to the price and terms of sale, will not vitiate a sale in accordance with the terms agreed upon, provided the property sold for its full value and no harm resulted to the estate of the ward, but this fact should be made to appear affirmatively.

### 8.—Evidence—Judgment—Reasons for.

The reasons of a probate judge for entering an order for the sale of land belonging to the estate of a ward are not competent evidence in a *certiorari* proceeding to set aside the order.

### 9.—Estates—Sale of Land—Improvements in Good Faith.

Where a purchaser of land, in good faith, at a guardian's sale, improves the same, he is entitled to compensation for his improvements in the event the sale is set aside for irregularities.

Appeal from the 41st Judicial District, El Paso County. Tried below before Hon. J. R. Harper, Judge of the 34th Judicial District.

*Joseph M. Nealon, J. M. Dean* and *Thomas M.* and *Cyrus H. Jones,* for appellants.—This entire proceeding was void because it was a petition for certiorari and was addressed to Judge J. M. Goggin, a stockholder in the Rio Grande Valley Bank & Trust Company, one of the parties defendant. The order for the writ of certiorari which was issued by Judge Goggin being at the foundation of the proceeding and being void, the entire proceeding must fall. Collingsworth v. Myers, 35 S. W., 415; Williams v. City National Bank, etc., 27 S. W., 148; Felder v. Gilder, 1 Texas App. Civ., 599; Burks v. Bennett, 62 Texas, 280; Gaines v. Barr, 60 Texas, 676; Baldwin v. McMillan, 1 App.

C. C., 515; Casey v. Kinsey, 5 Texas Civ. App., 3; 1 Sayles Practice, 62; Chambers v. Hodges, 23 Texas, 112; Hall v. Jankofsky, 9 Texas Civ. App., 504; Jouett v. Gunn, 13 Texas Civ. App., 84.

Appellee having alleged that no necessity existed for the sale and appellants having alleged to the contrary, and appellee having introduced in evidence the claim docket in the effort to prove that only one claim had been filed, and the sale having been attacked and the pleadings of appellee alleging by innuendo if not directly that the guardian and appellants acted fraudulently in procuring the order of sale, it was competent to prove by the county judge the conditions that made the sale necessary, inasmuch as in considering the application to sell he was not confined to the reasons alleged in said application. Weems v. Masterson, 80 Texas, 45; Lynch v. Baxter, 4 Texas, 431; Poor v. Boyce, 12 Texas, 443; Gillenwaters v. Scott, 62 Texas, 672; Kleinecke v. Woodward, 42 Texas, 312 ;Alexander v. Maverick, 18 Texas, 196; Guilford v. Love, 49 Texas, 715.

The question of the divisibility of the property was one of fact, and its determination rested in the judgment and discretion of the judge of the County Court, and it not being charged that he acted corruptly or abused his discretion, his decision of the question must be considered as final. Carroll v. Booth, 2 Posey U. C., 326; Clopper v. Hutcheson, 16 Texas Civ. App., 157.

The proceedings being regular, the judgment of the County Court was conclusive upon the questions of fact about which the evidence was conflicting, to wit: The issue as to whether the notices in probate of application were posted 20 days, the insufficiency and unmarketability of the personal property, the question as to whether the property was improved or unimproved, the possibility of selling a portion of the property, the necessity that existed for the sale, the fairness of the sale, the adequacy of price paid and the question as to whether or not the property was a homestead. Guilford v. Love, 49 Texas, 715; Alexander v. Maverick, 18 Texas, 196; Carroll v. Booth, 2 Posey U. C., 326; Clopper v. Hutcheson, 16 Texas Civ. App., 157; Kendrick v. Wheeler, 85 Texas, 247.

The application was sufficient, for in the exhibit, which must be considered a part of the application, were enumerated debts to the amount of more than $500, but had it been defective, a defective application would have been sufficient to give the court jurisdiction and make the sale valid. Taffinder v. Merrell, 95 Texas, 95; Weems v. Masterson, 80 Texas, 45.

*Patterson, Buckler & Woodson,* for appellee.

JAMES, Chief Justice.—Mrs. Melissa T. Comstock filed her petition with the District Judge for, and obtained, a writ of certiorari to reverse and annul a certain order of the County Court, directing the sale by the guardian of plaintiff of certain real estate, and an order of confirmation of the sale, and to cancel and annul the guardian's deed of the property, to which said orders relate, to Mrs. Alice M. Lomax, the appellant, and to require the defendant, the Rio Grande Valley Bank & Trust Company, in whose hands were the five pur-

chase money notes, to surrender same to Mrs. Lomax and her husband, and to require Mrs. Lomax and her husband to accept from plaintiff the cash payment of $947 which she paid to the guardian in the sale, and to require the Rio Grande Valley Bank & Trust Company to pay over the sum of $151.83 in its hands upon said amount, and to require Mrs. Lomax and her husband to account for the use of the real estate since November 13, 1905, and the rents and revenues of the same.

The petition is exceedingly lengthy. It appears therefrom that Mrs. Comstock had been adjudged insane, and on May 4, 1903, Joe Dunne become the guardian of her estate; that on September 27, 1905, he filed an application for an order of sale of the property in question comprising about 12 acres of land situated on the left hand side of the county road and between the county road and the G., H. & S. A. Railroad about two and one-half miles from the city of El Paso in El Paso County, Texas, known as the Comstock place. That on September 27, 1905, notice of the application was issued by the clerk requiring the posting thereof for twenty days, which notice was returned and filed on October 13, 1905, with the return of the sheriff thereon showing posting thereof on September 28, 1905, which was only fifteen days after the posting. That on November 6, 1905, the court made an order of sale of said property, and the next day, November 7, the guardian filed a report of sale in which was stated that he had sold same to Mrs. Alice M. Lomax, at private sale, for $4735.08; one-fifth in cash and balance in equal notes, and that the purchaser had complied with the terms of the sale. That on November 13, the sale was confirmed, and on same day the guardian executed a deed to Mrs. Lomax, she complying with the terms of the sale. That on January 10, 1906, Joe Dunne was removed as guardian and the Rio Grande Valley Bank & Trust Co. was appointed to succeed him, and that the latter received in cash from Dunne $437.27 and also said five notes, and that said company as such guardian has now said notes and a balance of $151.83 in cash of said money received from Dunne. That on May 16, 1906, the County Court entered an order reciting that plaintiff had become restored to her right mind.

The petition asks that the probate proceedings in regard to this sale to Mrs. Lomax be revised, and the sale annulled upon the following grounds:

1st. That no sufficient reason for selling the property was given in the application.

2d. No showing was made, in connection with the application, of the condition of the estate.

3d. No necessity existed for the sale.

4th. The sale of one acre of the land would have been sufficient, if necessity for any sale existed.

5th. Only 15 days elapsed between the posting of the notice of the application for sale and the return and filing thereof.

6th. The property was improved property and was not sold upon the terms required by statute for the sale of such property.

7th. The notice of application for sale was addressed to all persons interested in. the estate of Mrs. M. T. Comstock, whereas the guardianship was upon the estate of Melissa Comstock and title to 6-7 of

the property stood in the name of Melissa Comstock and 1-7 in the name of M. T. Comstock.

8th.   The property was the homestead of plaintiff.

9th.   The price at which the property was sold was inadequate.

Another ground was that the guardian fraudulently made no effort to sell the property in open market for its reasonable value, but recklessly and in disregard of the interest of petitioner, who was then his ward, sold the property to Mrs. Lomax in pursuance of a previous agreement between himself and John Lomax acting for his wife, Mrs. Alice M. Lomax. That Mrs. Alice Lomax, acting through her husband, John Lomax, was a party to the procuring of the order authorizing the sale for $400 an acre, and said application was filed and said order was procured by the guardian at the instigation of and under the contract with said John Lomax and Mrs. Alice M. Lomax, and the order confirming the sale was obtained at their instigation and request.

The court directed the jury to find against the validity of the sale.

In regard to the last of the above grounds, the undisputed testimony shows that in September an oral arrangement was entered into between Mrs. Lomax and her husband with Dunne, the guardian, to take the property at $400 an acre, one-fifth cash and the balance in notes, substantially as the sale was afterwards carried out through the orders of the court; and that $100 earnest money was paid to Dunne on this understanding.  The order of sale entered on November 6, 1905, provided that the property should be sold at the rate of $400 per acre and for not less than one-fifth in cash.  The report of the sale to Mrs. Lomax was filed next day and was confirmed on the 13th.

Before discussing the sufficiency of the several grounds alleged for the revision and correction of the orders relating to this sale, we shall state that there was testimony showing that the property brought its full value at this sale, as conditions then existed.  Unless, therefore, there was some fact established by undisputed proof which would require the sale to be annulled as a matter of law, and which would not be rendered immaterial by proof of full value received from the sale, the court erred in withdrawing the case from the jury.

The proceedings of the County Court in probate matters are not to be lightly treated and set aside, otherwise confidence in such proceedings would not exist.  The orders of that court are adjudications, and for errors or irregularities in the proceedings probate sales should not be set aside through a certiorari, unless it appears that some injury or injustice has been done the estate thereby.  The fact, if it be a fact, that full value of the property was obtained by the sale in question, would overcome a number, if not all, of the irregularities and errors alleged in this petition.  Kendrick v. Wheeler, 85 Texas, 253; Fitzwilliams v. Davie, 18 Texas Civ. App., 85.

The case before us presents one of a sale of property to a third person, where the purchaser is required to look only to the application for sale and its exhibits, and to the order of sale.  McNally v. Haynes, 59 Texas, 583.  If no necessity for the sale is exhibited by the application and order of sale, it would seem that he would be affected by it.

This matter involves the first, second and third of the above enumerated grounds. The application filed September 27, 1905, includes the statement that taxes for past year are due and unpaid. The application refers to an exhibit presented therewith, under oath, as showing fully the condition of the estate, which discloses a judgment against the estate of $393, taxes $116.23, also expenses due as attorney's fees, the amount of which the guardian was unable at that time to give, and that there were no cash funds, and had been none in his hands since his appointment. By a supplemental exhibit filed November 6, 1905, (the day the order of sale was made) the guardian stated that he has now on hand $200 in cash. The order of sale recited that a necessity existed for the sale of this property, among other purposes, to prevent it being sold for taxes and for the purpose of paying off claims against the estate. The application was accompanied by an exhibit showing the condition of the estate and, by a further exhibit in connection with it, disclosed the existence of debts and a necessity for the sale. And if we look beyond the application and the order of sale, the testimony introduced did not negative the existence of a necessity of a sale of this property to pay debts, as matters stood at that time, but indicated the contrary.

The fourth of the above grounds affords no reason for setting the sale aside. This was one parcel of property and the propriety or possibility of dividing it and selling a part of it instead of the whole, was a question properly before the County Judge for his decision, and we do not think the purchaser under the order of sale ought to be affected by such a matter.

There is no force in the fifth and seventh of the objections.

The sixth is that this was improved property, and in sales of improved property the statute requires when the sale is made on credit that one-third of the appraised value be paid in cash. This was not done in this instance. We would be inclined to hold, from the testimony, that this was improved property in the sense of the statute, even in the dilapidated condition the improvements were in, but without deciding this to be so, we may assume the fact. The evident purpose of the statute in requiring a larger cash payment when improved property is sold on time, is to better secure the deferred payments by reducing the amount thereof. What improvements might be upon the property pass into the hands of the purchaser and in time are subject to loss or deterioration and thus the security impaired. This matter is as important to the estate as the obtaining of a fair price, but like many irregularities or errors in probate sales, it would not be cause for setting aside the sale, if it should clearly appear that no injury has resulted to the estate therefrom. The undisputed evidence shows that since the sale the property has increased greatly, probably doubled, in value, and besides, the wasted improvements have been restored and enlarged at a considerable cost by the purchaser, and the notes given for the deferred payments are beyond question as safely secured as if the statute had been observed. For this reason we think the matter complained of constitutes no just ground for setting the sale aside.

It is further insisted that the property was Mrs. Comstock's home-

stead and was exempt from forced sale. It appears she was never married except to Mr. Comstock, had never had children and was divorced from her husband in 1902, and after the divorce her family consisted of herself. The case of Bahn v. Starcke, 89 Texas, 203, we think, is against the existence of a homestead right under these circumstances.

The ground which comes nearer to constituting a cause for setting the sale aside, is that which charges that the sale was procured as the result of a preexisting agreement between the guardian and Mr. and Mrs. Lomax, which agreement appellee charges tied the guardian's hands and was calculated to cause him to neglect or ignore other and better opportunities for disposing of the property, and thus interfere with the due performance of his duty to the estate, which was against the purpose and policy of the law, and that this of itself demands that the sale be set aside. Appellee endeavors to magnify the agreement or arrangement into a combination to stifle competition, and thus defraud the estate. The plain facts are that after some negotiations Mr. and Mrs. Lomax agreed to give the guardian's price for the property, one-fifth in cash and the balance in notes, and they paid him $100 as an evidence of good faith, which was required by him, and agreed to do the rest when the papers were drawn up, which was left to the guardian. This is all there was of it. It did not evidence any conspiracy or fraudulent design, but was simply a course of conduct which ordinary persons, not conversant with the rules of law, would pursue in respect to sales, and was consistent with perfect good faith.

However, the tendency of the arrangement was to cause the guardian to make no further effort toward a more advantageous sale up to the time of his report, as it was his duty to do. Although the purchasers may not have contemplated this, they would be affected by it, and we think the sale should be set aside for it, provided it should as a fact appear that a better sale would have been effected, but for such arrangement. If the property brought its full value, notwithstanding the arrangement, no harm has resulted to the ward from its having been made. Neither would the fact that the price and terms provided for in the arrangement were adopted by the court in its order of sale, and a sale authorized to be made on that basis, be sufficient cause for nullifying the sale, if such price was in fact its full value at the time.

It therefore appears to us that no ground existed which would warrant the sale in question to be set aside except the one just referred to, and that only in the event it should be determined that, but for said previous arrangement, a better price could and would have been obtained in the open market, as the conditions were at that time. This was a question of fact which the jury should have been allowed to determine. In investigating this question all efforts of the guardian to sell the property, prior to this sale, should be permitted to be shown, but what he could and should have obtained for the property would be in reference to the time of the order of sale, he having reported the sale immediately afterward.

It does not appear as a fact from the record that the judge, who

granted the writ of certiorari in the first instance, was disqualified, hence the assignments on that subject need not be discussed.

The fifth and sixth assignments are overruled. The County Judge was properly not allowed to state the reasons which had induced his orders; nor that he made investigation as to the necessity of the sale and heard evidence upon that issue. The matter referred to by the seventh assignment has been determined to be one of no consequence in this proceeding. The ninth assignment is also overruled, as it does not appear, as alleged, that the writ of certiorari was void.

The District Court in setting aside the sale and in dealing with the equities of the parties, allowed defendants the value of their improvements. This is assailed by a cross assignment of error, but we think the decree in this respect was eminently proper. In a case where there appears to have been some reason for denying the defendant the benefit of his improvements, they were allowed. Parker v. Bowers, 84 S. W., 380.

*Reversed and remanded.*

Writ of error dismissed for want of jurisdiction.