## PURE OIL CO. v. CLARK et al.
### No. 10865.

Court of Civil Appeals of Texas. Dallas.
Jan. 24, 1931.

Rehearing Denied Feb. 21, 1931.

Vinson, Elkins, Sweeton & Weems, of Houston, for appellant.

Hurt & Mitchell, of Dallas, for appellees.

VAUGHAN, J.

On March 27, 1930, Hon. Joel R. Bond, judge of the district court of Van Zandt county, Tex., granted a writ of certiorari to appellee Mrs. J. B. (Isabelle) Clark, an insane person, on a petition presented by her next friend and guardian ad litem, James M. Shields, in which she was named as plaintiff, and appellant and one R. Clark as defendants, to review and set aside as being void certain proceedings had in probate causes Nos. 4289 and 4308, respectively, in and by the county court of Van Zandt county.

Following are the material allegations made as grounds for the writ of certiorari: That on May 17, 1918, in cause No. 1684, styled "Estates of Reuben T. Clark et al., Minors, and Mrs. J. B. (Isabelle) Clark, non compos mentis," the said R. Clark was legally appointed guardian of the estate of the said Isabelle Clark, and of her four sons, Reuben T., Albert, Henry, and Cone Johnson Clark, and duly qualified as such guardian as required by law, on May 20, 1918; that afterwards, on October 17, 1928, in cause

No. 4289, styled "In re Guardianship of the Estate of Mrs. J. B. (Isabelle) Clark," the said R. Clark was appointed temporary guardian of the estate of said Isabelle Clark as an insane person, and on September 29, 1928, an order was entered in said cause No. 4289 making permanent the temporary appointment of said R. Clark as guardian of the estate of said Isabelle Clark; that on February 7, 1929, said R. Clark was again appointed guardian of the estate of said Isabelle Clark in cause No. 4308, styled "In re Guardianship of the Estate of Mrs. J. B. (Isabelle) Clark, a Person of Unsound Mind"; that said R. Clark filed his application in said causes Nos. 4289 and 4308 to have an order entered authorizing him as guardian of the estate of said Isabelle Clark to lease for mineral purposes the one-half interest of said Isabelle Clark in three tracts of land located in Van Zandt county; that notice of said application was issued and published in each cause, Nos. 4289 and 4308, but not in cause No. 1684; that thereafter, on March 23, 1929, an order was entered in cause No. 4308 authorizing said guardian to lease for oil, gas, and mineral purposes certain real estate owned by appellee located in Van Zandt county, under certain terms and conditions; that said lease was executed to one R. E. Blackwell; that appellant is the present holder by assignment of the mineral leases executed by said R. Clark, as guardian under said order. Within two years after the proceedings in causes Nos. 4289 and 4308, sought to be reviewed, the petition for writ of certiorari was filed. In said petition it was alleged that the orders of the county court of Van Zandt county, appointing R. Clark guardian of the estate of said Isabelle Clark in said causes Nos. 4289 and 4308, were void, for the following reasons:

"(1) That the order appointing R. Clark temporary guardian was void because it was based upon a lunacy proceeding which was brought under Title 92, Article 5550 of the Texas Revised Civil Statutes and not under Title 69, Chapter 112 of the Texas Revised Civil Statutes.

"(2) That no citation nor notice of any kind was served on this plaintiff as defendant in any manner, advising her of said guardianship proceedings.

"(3) That both of said orders were obtained as the result of a conspiracy and fraud, in that The Pure Oil Company conspired with certain individuals to have a guardian appointed for the person and estate of plaintiff, who was not then and is not now legally capable of protecting her own interests.

"Appellees further alleged that the order to lease the real estate of Isabelle Clark was void for the following reasons:

"(1) That there was never had a hearing upon the application to lease said land as required by law.

"(2) That the order does not contain a copy of the lease executed by R. Clark.

"Appellees further alleged that all the orders in cause No. 4308 were void because there was pending a guardianship proceeding No. 4289 on the docket of the County Court of Van Zandt County, Texas.

"Appellees further alleged that all proceedings had under causes numbered 4308 and 4289 were void for the following reasons:

"(1) That no date for a hearing on the lease of the lands of Isabelle Clark was set by the court.

"(2) That no such hearing was ever had.

"(3) That no order approving any bond, nor confirming any purported lease was ever made by the court as is contemplated by law.

"(4) That long prior to the institution of either cause No. 4289 or 4308, an order appointing a guardian of the estate of the plaintiff was made and entered by the County Court of Van Zandt County, Texas, on May 18, 1918, in cause No. 1684, that said order was a valid one, and that it had not been closed at the time of the institution of causes Nos. 4289 and 4308."

It was further alleged that all judgments and decrees made in all three causes were void because no judgment or decree were recorded in the probate minutes of the county court at the terms of court in which said orders or decrees were made.

Appellant's answer to said petition consisted of a general demurrer, special exceptions, general denial, and a special answer, alleging that it was an innocent purchaser of the mineral lease for a valuable consideration and without notice, actual or constructive, of any defects to the title of the property of appellee, Isabelle Clark, so leased under the orders of the probate court of Van Zandt county, referred to, in appellee's petition. Appellant's exceptions were overruled, and appellee's special exception to appellant's plea of innocent purchaser was sustained; said plea being stricken from appellant's answer before the cause was reached for trial on its merits. On the hearing had in said certiorari proceedings, April 18, 1930, judgment was entered setting aside and vacating all orders, judgments, and decrees made and entered in said causes Nos. 4289 and 4308, on the probate docket of the county court of Van Zandt county, being the several orders and decrees described in appellee's petition for said writ.

Said judgment of the district court is now properly before us for review and re-

vision under appropriate assignments of error and propositions based thereon. In reference to the sustaining of appellee's special exception addressed to appellant's plea of innocent purchaser for value without notice of the oil lease in question, we are of opinion that, in so far as the grounds urged by appellee for writ of certiorari depended upon evidence aliunde the record sought to be reviewed and corrected, the court erred in sustaining said exception. However, as to all matters appearing upon the face of the record that would render void the proceedings sought to be reviewed and corrected, said exception was properly sustained, as the defense of innocent purchaser for value could not prevail against such exposition of the record. McNally v. Haynes, 59 Tex. 583; Clopper v. Hutcheson, 16 Tex. Civ. App. 157, 40 S. W. 604; Carpenter v. Anderson, 33 Tex. Civ. App. 491, 77 S. W. 291; Lomax v. Comstock, 50 Tex. Civ. App. 340, 110 S. W. 762; Blake et al. v. Blake et al., 260 Ill. 70, 102 N. E. 1007, 1008; Crow v. Van Ness (Tex. Civ. App.) 232 S. W. 539; Baxter Realty Co. v. Martin, 185 Ky. 697, 216 S. W. 110.

What proceedings appear upon the face of the record in said probate causes Nos. 1684, 4289, and 4308, that were either required by law to be performed and were not performed in accordance therewith, or that were had without authority of the law for same, becomes now a material inquiry. From the record of the proceedings had in cause No. 1684, we find the following material matters appearing affirmatively on the face thereof: That on May 17, 1918, defendant R. Clark was appointed guardian of the estate of Isabelle Clark, non compos mentis, and duly qualified under said appointment by taking the oath as such guardian and executing bond, as provided by law, on the 21st day of May, A. D. 1918; that from the date said appointment was made said estate had been open and pending up to the time judgment herein appealed from was rendered, no order having been entered in said estate No. 1684 closing same and discharging said R. Clark as such guardian; that the only bond executed by said R. Clark as guardian aforesaid was in the sum of $1,000, of date May 17, 1918, and approved and filed May 19, 1918, and conditioned as required by article 4141, R. C. S. 1925.

In said cause No. 4289, the following proceedings affirmatively appear of record, viz.: That on October 17, 1928, said R. Clark filed his application in the county court of Van Zandt county, to be appointed guardian of the estate of appellee, Mrs. J. B. (Isabelle) Clark, in which petition it was alleged that appellee was of unsound mind, a lunatic, and had no lawful guardian of her estate. That on October 17, 1928, an order was enter-

ed granting said application in part as follows: "It is therefore ordered, adjudged and decreed by the court that the said R. Clark be and he is hereby appointed temporary guardian of the estate of said person of unsound mind, a lunatic, without citation, and that due notice of said application be given as required by law, and that letters of guardianship issue to the said R. Clark on his giving bond in the sum of $250, payable and conditioned as required by law, and taking the oath within 20 days; and it is further ordered, adjudged and decreed by the court that such appointment of guardianship, unless contested at the next regular term of this court, after service of citation, shall be in all things made permanent." That on October 17, 1928, said R. Clark executed his bond and oath as required by articles 4141 and 4139 R. C. S. 1925. That on November 5, 1928, judgment was entered at a regular day and term of the county court of Van Zandt county, making the temporary appointment of said Clark, as guardian, permanent; said order in part being as follows: "It is therefore ordered, adjudged and decreed by the court that said order heretofore made, appointing the said R. Clark temporary guardian of the estate of said person of unsound mind, a lunatic, Mrs. J. B. (Isabelle) Clark, be and is hereby made permanent, and that the said R. Clark, guardian as aforesaid, is here in all things made permanent guardian of said person of unsound mind, according to law, and this order is entered in the probate minutes of Van Zandt County." That on November 16, 1928, said R. Clark, as guardian, appointed in said cause No. 4289, filed therein his application for an order authorizing him as such guardian to lease the undivided one-half interest of appellee in three tracts of land, viz. two tracts of the Phillips-Mason survey, one containing 39 acres and the other 63 acres, and one tract of 77 acres out of the John Walling survey, in Van Zandt county, for oil, gas, and other mineral purposes. That the following entries on the trial docket were made in this cause, but were not entered in the probate or other minutes of the county court of Van Zandt county:

"Nov. 6, 1928—Application to lease filed, notice ordered given, and hearing set for Canton, Texas, Nov. 17, 1928.

"Nov. 12, 1928—It appearing that proper notice has not been given it is ordered that proper notice be given and hearing set for Nov. 24, 1928 at Canton, Texas, notices by publication returned and ordered recorded.

"Nov. 24, 1928—Hearing had on application to lease and it is ordered by court that R. Clark as such guardian is authorized to lease the lands of said ward according to the orders entered herein, after filing proper bond.

"Nov. 24, 1928—Bond to lease filed and approved."

In said cause No. 4308, the following proceedings affirmatively appear of record: That on February 8, 1929, said R. Clark filed an application to be appointed guardian of the estate of appellee, Mrs. J. B. (Isabelle) Clark, non compos mentis, in the county court of Van Zandt county, Tex.; that on February 7. 1929, an order was entered on said application appointing said R. Clark as such guardian, said order being of the same tenor and effect as that entered in cause No. 4289, above quoted; that on February 8, 1929, said R. Clark qualified under said appointment by taking the oath as guardian of the estate of appellee and executing bond as required by the order appointing him under the provisions of articles 4139 and 4141, R. C. S. 1925; that on March 5, 1929, an order was entered in said cause making permanent the temporary appointment of said R. Clark as guardian of the estate of appellee, said order being of the same tenor and effect as that entered in 4289, above quoted; that on March 6, 1929, said R. Clark, under his appointment as guardian in cause No. 4308, filed his application for an order authorizing him to lease the undivided one-half interest of appellee in and to the above-described three tracts of land located in Van Zandt county, for oil, gas, and other mineral purposes; that on March 23, 1929, said application was heard and ordered entered thereon granting said application; that said order fixed the terms on which said lease should be made and embraced the particular form of lease that should be executed, and required said Clark to execute a bond as provided for by article 4192, subd. 4, R. C. S. 1925, as amended by Acts Fortieth Legislature, c. 164, p. 237 (Vernon's Ann. Civ. St. art. 4192, subd. 4); that on March 23, 1929, said R. Clark executed the bond so required of him and as guardian of the estate of appellee, acting under the orders made in cause No. 4308, executed the oil and mineral lease to said Blackwell; that the orders entered in said three probate causes had reference to and appointed one and the same person, to wit, R. Clark, as guardian of the estate of one and the same person, to wit, appellee Mrs. J. B. (Isabelle) Clark; that the estate of said appellee was shown in each of said probate proceedings to consist of the same identical property, viz. the three tracts of land above referred to located in Van Zandt county; that no application for an order to lease the interest of appellee in said three tracts of land, for oil and mineral purposes, was filed in said cause No. 1684, and that none of the proceedings had by said guardian, R. Clark, in either of said causes Nos. 4289 and 4308, for the purpose of leasing and under which the interest of said appellee was leased, were in any respect had in or as being a part of the proceedings connected with the administration of the estate of said appellee in probate cause No. 1684.

■■■ The provisions of article 4124, R. C. S. 1925, viz. "Only one guardian can be appointed of the person or estate; but one person may be appointed guardian of the person, and another of the estate, whenever the court shall be satisfied that it will be for the advantage of the ward to do so. Nothing in this article shall be held to prohibit the joint appointment of husband and wife," clearly prohibited the appointments that were made of the said R. Clark as guardian in probate causes Nos. 4289 and 4308, as the authority of the court to appoint a guardian of appellee's estate was exhausted when the said R. Clark was appointed and qualified as such guardian in probate cause No. 1684, and remained so exhausted so long as said guardianship remained open and pending with said R. Clark as the duly appointed and acting guardian thereof. St. Paul Sanitarium et al. v. Crim, 38 Tex. Civ. App. 1, 84 S. W. 1114; Stallings v. Hullum, 89 Tex. 431, 35 S. W. 2. Of this want of authority of the court to make the appointment of a guardian, even of the said R. Clark, in said causes Nos. 4289 and 4308, we think appellant, the purchaser of the lease from the original lessee, R. E. Blackwell, was bound to take notice; that therefore no title was acquired by appellant in the estate of appellee, under the lease contract executed to said Blackwell. St. Paul Sanitarium v. Crim, supra; Woenner on Guardianship, § 72; Frederick v. Pacquette, 19 Wis. 541.

■■ Subdivision 4 of article 4192, supra, as amended by Acts 40th Legislature p. 237 (Vernon's Ann. Civ. St. art. 4192, subd. 4), which deals with the making of a bond by a guardian on executing a gas or mineral lease under the orders of the probate court authorizing same, provides: "After hearing of said application and the granting of the same by the Court said guardian shall be fully authorized to make the oil and gas or mineral lease upon the real estate of the ward, in accordance with the judgment of the Court thereon, but such oil and gas or mineral lease shall not be valid until said guardian files a good and sufficient bond in double the amount of the cash bonus that may be paid for said oil and gas or mineral lease, or in the event no cash bonus is paid, then such sum as may be fixed by the County Judge, which bond shall be approved by the County Judge, filed with the County Clerk and recorded in the minutes of such Court. When such order has been made and such bond has been executed and approved, the guardian shall be fully authorized to execute and deliver such lease, and it shall not be necessary for the Court to make any order confirming said lease."

This is a mandatory statute and was not complied with, as affirmatively appears from the record of proceedings had in said probate causes Nos. 1684, 4289, and 4308, in that it is shown from the proceedings had in said causes that the only bond executed under and within the terms of said statute was the bond executed in probate cause No. 4308, and, the order made therein appointing said R. Clark guardian of appellee's estate being void, no legal obligation was created by the execution of said bond on the part of the bondsmen securing the faithful performance by the said R. Clark of the duties required of him under the law in the matter of the execution of said oil or mineral lease, and for the proper accounting for the proceeds arising therefrom and received by said R. Clark. The bond executed by said R. Clark under the valid appointment as guardian in cause No. 1684 could not in any respect furnish security required by said subdivision 4, supra, as the sureties on said bond executed in cause No. 1684 could not be held liable for his failure to account for the proceeds arising from the execution of the oil lease on appellee's property. American Indemnity Co. v. Noble (Tex. Com. App.) 235 S. W. 867.

██ The orders made in probate causes Nos. 4289 and 4308 appointing R. Clark guardian of the estate of appellee were not only unauthorized by law, but contrary to the following statutory provisions, viz. (article 4272, R. C. S. 1925): "If it be found by the jury that the defendant is of unsound mind or is an habitual drunkard, as charged, the court shall proceed, immediately and without further notice, to appoint a guardian of the person and estate of such defendant in the same manner as in the case of a minor."

It is only in the case of the appointment of a guardian for a minor that the appointment of a temporary guardian is authorized by law. Article 4134, R. S. 1925: Whenever it appears to the county judge that the interest of any minor and his or her estate, or either, requires immediate appointment of a guardian, he shall, either in term time or in vacation, without citation and with or without written application therefor, appoint some suitable person temporary guardian of the person of such minor and his or her estate or either."

Hence it must follow that, as the appointment of a temporary guardian of the estate of an insane person is not only not authorized by but contrary to law, the orders entered making such appointments of R. Clark permanent must of a necessity pass under the same condemnation. Withers v. Patterson, 27 Tex. 491, 86 Am. Dec. 643.

In view of the fact that the trial court erred in sustaining appellee's exception to appellant's plea of purchaser in good faith, to the extent as above set out, the judgment rendered in favor of appellee can only be sustained on the ground that, even though said plea had been heard and fully established as to matters aliunde the record, nevertheless the judgment appealed from was the only one that could have been properly rendered by reason that it affirmatively appeared, as a matter of record, that the court had not the jurisdiction and authority to make the orders in causes Nos. 4289 and 4308 necessary to sustain the appointment of said R. Clark as guardian of the estate of appellee therein, and authorizing said R. Clark to lease for oil and mineral purposes the real estate of appellee. Observing this requirement, we have reached the conclusion that the judgment of the district court should be in all things affirmed.

Affirmed.