## PURE OIL CO. v. CLARK et al.
### No. 3990.

Court of Civil Appeals of Texas. Texarkana.
April 2, 1931.

Rehearing Denied April 9, 1931.

See, also, 37 S.W.(2d) 1088; 35 S.W.(2d) 838.

What shall be the contents of such application is prescribed by article 4192, R. S. (as amended by Acts 1927, c. 164, § 1 [Vernon's Ann. Civ. St. art. 4192]). It is affirmatively shown by the present record that R. Clark, in the capacity of guardian, did present a proper application to the probate court for authority to execute the lease in evidence. It was in full compliance with article 4192, R. S. The probate court fully heard and passed upon the expediency of the lease, and by an order duly entered in the minutes in all formalities of the law granted the authority to make the lease. As appears, the application was made by, and the order of the probate court described the one who was to make the lease as, "R. Clark, guardian of the person and estate of Cone Johnson Clark, a minor and person of unsound mind," Therefore was the order granting authority to lease, in form, utterly void, in investing R. Clark with the authority of "guardian of the person and estate of Cone Johnson Clark, a minor and person of unsound mind." The trial court held, in effect, that the probate court was acting entirely without its jurisdiction in authorizing R. Clark to make the mineral lease as "guardian of the person and estate of Cone Johnson Clark, a minor and person of unsound mind." The trial court's ruling was placed upon the grounds, as recited in the decree, viz.: (1) "No personal citation was served on Cone Johnson Clark in cause No. 4286;" and (2) "at the time of the institution of cause No. 4286 and at the time all orders, decrees and proceedings were had or made in said cause, there was pending and open and in existence in said probate court in Van Zandt County another and different guardianship which had not been closed, namely, cause No. 1684." The "cause No. 4286" referred to in the court's conclusion showed in the first instance an application which was made in September, 1928, by R. Clark, and which was duly granted, to be appointed "guardian of the person and estate" of Cone Johnson Clark upon the grounds that he was "a minor" and "a person of unsound mind." All requirements of the law were complied with in such proceedings except, as found by the court, "no personal citation was served on Cone Johnson Clark," the alleged "minor and person of unsound mind." And looking further to the record the "different guardianship," referred to in the court's conclusion, showed that the same R. Clark, prior to 1928, and in May, 1918, had been duly and regularly appointed by the same probate court as "guardian of the estate" of the same Cone Johnson Clark upon the ground of being "a minor."

■ All essential jurisdictional facts and procedure existed to make such appointment valid. The minority of the ward was shown, and his residence and ownership of property were within the territorial jurisdiction of the probate court of Van Zandt county. He

Vinson, Elkins, Sweeton & Weems, of Houston, and Wynne & Wynne, of Willis Point, for appellant.

McEntire, Shields & Elam, of Canton, Beall & Beall, of Sweetwater, and Edgar J. Elam, of Dallas, for appellees.

LEVY, J. (after stating the case as above).

■■ We are called upon chiefly to consider and determine the legal effect of the proceedings in the probate court in relation to the guardian's lease of the real estate of the minor, Cone Johnson Clark. If the lease was at all events unauthorized and void through lack of legality of the proceedings in the probate court, then the judgment should be affirmed; otherwise appellant's legal title seems to be sufficiently sustained and must prevail. In order to render the mineral lease upon real estate of a minor effectual to confer a valid legal right, the probate court must have acquired jurisdiction by the presentation of a proper application by the guardian of the estate. It is a special proceeding. The application is the first step in the legal proceeding. It is the commencement of the proceeding, and the order authorizing the guardian to make the lease is the judgment.

thereby became and was legally intrusted in 1918 with the custody and control of the estate of the minor. The term of the appointment was and legally would be for and during the minority of the minor in virtue of article 4128, R. S. And the record clearly discloses that the relation of guardian and ward had not terminated by the death of either the guardian or the ward. The ward was still a minor at the time of the application for authority to make the lease, and at the time of the present trial, being 16 years of age. Therefore, in view of the conclusion of the trial court, the jurisdiction of the probate court arises in the facts. It is the settled law, as pointed out by appellee, that, where a person has been appointed guardian of the estate or person of "a minor" and he has not resigned or his guardianship been properly revoked, there can be no valid appointment of another person as guardian of the estate or person. St. Paul Sanitarium v. Crim, 38 Tex. Civ. App. 1, 84 S. W. 1114; and other similar cases; article 4124, R. S. But that general rule of law would not be applicable in the present appeal, for the special facts are not suitable. In the first place, here there were not two different persons applying for and appointed as guardian for Cone Johnson Clark. The appointee in each instance was the same identical person. And, secondly, here the fields for appointment were separate and distinct, although the legal authority of the guardian the same. Fairly construing the last application made in September, 1928, the evident intendment of R. Clark was merely to add the field of "insanity" to the existing field of "minority" and authority over "the person" to the authority over "the estate." He was not in any wise attempting to revoke or annul his former appointment "as guardian of the estate" of the minor. He was manifestly wanting the court to combine both guardianships in the same person, as capable of being held by the same person. The appointment of the same person to be guardian of the ward because he was both a minor and insane would not in any wise present a situation legally conflicting and inconsistent, for the two grounds could easily stand together in legal authority to the guardian. The guardian would have the same authority, and no greater, in the one instance as in the other, during the period of minority of the ward. Assuming, though, that the terms of the statute, when properly construed, do not authorize the probate court to appoint a guardian for an insane person who is "a minor" and during his minority [Pure Oil Co. v. Clark (Tex. Civ. App.) 35 S.W.(2d) 838], it is nevertheless a satisfactory ground to say that it became and was merely an unnecessary act for the guardian of the estate of the minor to have the further field of insanity added. He was already clothed with full and complete authority over "the estate," and would gain no new or additional authority by reason of the new field of "insanity" while the ward "is a minor."

And in the view and conclusion that the order of the probate court in September, 1928, did not intend or have the legal effect to take away or revoke the first appointment as guardian of "the estate" of "the minor" (Wakefield Trust Co. v. Whaley, 17 R. I. 760, 24 A. 780), then the order authorizing the lease was not radically defective or nugatory merely because the guardian was authorized to execute the lease in the capacity described of guardian of the estate and person of a "minor," and of a "person of unsound mind." It otherwise clearly appeared in the face of the order that the guardian was authorized to execute the lease as "guardian of the person and estate of Cone Johnson Clark, a minor." That was sufficient legal authority to make the lease, although the words "a person of unsound mind" were inoperative to pass the title. It is the admitted rule of law that a power for several purposes does not fail because among them is one which is void or has lapsed. The invalidity of other provisions will not legally cause the failure of the power otherwise valid, which is not inseparably connected with or dependent on them. And the jurisdiction of the probate court would not be lacking to authorize the lease, it is believed, because the order for lease was made in cause "No. 4286" instead of "No. 1684." The cause "No. 4286" had origin, not alone for appointment of a guardian of "a person of unsound mind," but also for "the person" of "a minor." The minor in evidence had no guardian "of the person," so far as the record shows, up to the time of the application and appointment in "cause No. 4286." The statute expressly authorizes the probate court to appoint the same person as guardian "of the estate" and also "of the person" of "a minor." Article 4124, R. S. It is not against approved practice to combine both guardianships in the same person at the same or different terms of court, although the two guardianships are in their nature separate. So that the mere fact that the guardian of "the person and estate" of "a minor" was authorized to execute a lease by order entered in proceedings appointing the guardian "of the person" of the minor would not necessarily invalidate and render inoperative the lease order. The order for the lease specially specified the objects to be benefited as "person and estate." The fact that two proceedings were numbered differently, would not affect jurisdiction, as all the proceedings for the lease were fairly made and duly spread at large upon the minutes.

If Cone Johnson Clark were insane as alleged in the application, then, in order to be appointed "guardian of the person," personal citation would not be required under the statute.

Therefore, considering the entire record, the authority of the guardian to make the lease in the form of "guardian of the person and estate of the minor," Cone Johnson Clark, would clearly appear existing, we think, notwithstanding the added description "of a person of unsound mind" be not legally authorized. The absence of that description would not lessen the authority as guardian to make the lease. He was not a bare intruder in the estate in making the lease.

The judgment is reversed, and judgment is here rendered refusing to vacate and set aside the decrees and orders and proceedings made and had in the probate court of Van Zandt county in relation to the mineral lease upon the real estate of the minor, Cone Johnson Clark; the applicant in the writ of certiorari to pay costs of the appeal and of the trial court.

On Motion of Appellees for Rehearing.

■ We are unable to agree with the argument of the appellees that, as specially stated to be the main reason, the proceedings numbered 4286 was so at variance with and contrary to the statute as to render such proceedings for lease of the land null and void for all legal purposes. The proceedings numbered 4286 had origin, not alone for the appointment of a guardian of "the estate," but also for "the person," of "a minor." So it may be assumed, as we do, and as argued by the appellee, that there was no authority in the probate court in the proceedings mentioned to appoint a guardian of the "estate" of "a minor" or "of the person and estate of a person of unsound mind." The whole proceeding, however, would not be regarded as a nullity, for the probate court absolutely and certainly had the jurisdiction, in virtue of the application in that proceeding, to appoint the guardian of "the person" of the "minor." The statute authorizes the probate court to appoint a guardian of "the person" of "a minor." And, as laid down in Wakefield Trust Co. v. Whaley, 17 R. I. 760, 24 A. 780, where there has been a legal appointment of a guardian of a minor's "estate," a subsequent appointment of a guardian of "the person and estate" does not affect the prior appointment, but becomes valid as an appointment of a guardian of "the person." This court so held and intended to so hold in the main opinion.

■ In the proceedings mentioned, the lack of issuance and service of personal citation on the minor was not destructive of jurisdiction of the court to appoint a guardian of "the person," because it appeared that the minor was an "insane person." Evidently the statute does not contemplate service of citation upon a minor when he is in that situation.

■ The mode of invoking the consent, as done in this record, of the probate court to make the lease was not fatal to the jurisdiction of the court. There was an "application" made to the court by the guardian. It is the application that invokes authority of the probate court to act, and furnishes the basis for the order. The single question then is, Does the mere fact that the "application" for leave to lease the land and the order of the court granting it was made in the proceedings as numbered 4286 render the order of the court and the application therefor absolutely void? The guardian made the application to lease in the dual capacity of "guardian of the person and estate." By the application the objects to be benefited were both "the estate and the person." He was, as shown above, the legally appointed and qualified guardian of both "the estate" and "the person" of the minor. We find no authority warranting the ruling that, in such circumstances, the probate court lacked the requisite jurisdiction over either the guardian or the subject-matter to act and authorize the lease. It is thought that in the mode of obtaining such jurisdiction over the application to lease there was no defect so substantial as to render the application and order of the court thereon null and void.

The motion for rehearing is overruled.