**PURE OIL CO. v. CLARK et al.**

No. 3989.

Court of Civil Appeals of Texas. Texarkana.

May 21, 1931.

Rehearing Denied June 4, 1931.

See, also, 35 S.W.(2d) 838; 37 S.W.(2d) 1083, 1088.

Vinson, Elkins, Sweeton & Weems, of Houston, and Wynne & Wynne, of Wills Point, for appellant.

McEntire, Shields & Elam, of Canton, Beall & Beall, of Sweetwater, and Edgar J. Elam, of Dallas, for appellees.

LEVY, J. (after stating the case as above).

The points chiefly for consideration are (1) as to the validity of the guardianship proceedings, and (2) as to the termination of the period of the lease as it was fixed in the order of the probate court and the written lease. In considering the validity of the guardianship proceedings the essential facts in view are that at the time of the appoint-

ment of the guardian of the person and estate of Henry Clark he was both a person of unsound mind, by judicial inquisition and adjudication, and a person over nineteen but under twenty-one years of age. And it will be observed that the order of the probate court, which is here attacked, appointing the guardian, expressly made the appointment of the guardian to be as "guardian of the person and estate" in each of the different disabilities of "a minor" and of "a person of unsound mind."

■ Where minority and mental unsoundness coexist during minority, has the probate court the jurisdiction to appoint a guardian of the person and estate for each disability and to continue until each disability disappears, the appointee in each instance being the same identical person? By the express provision of article 4124, R. S., only "one guardian can be appointed of the person or estate." The inhibition is evidently directed entirely against having two or more persons appointed and acting at the same time as guardians of the estate or of the person. There cannot be two separate guardians of the person and two separate guardians of the estate of "a minor" during minority. A single appointment of the guardian in each instance must be made, and the authority to do otherwise would not exist and would be denied. The case of St. Paul Sanatarium v. Crim, 38 Tex. Civ. App. 1, 84 S. W. 1114, is not authority upon the point being now considered. That case means and goes to the extent of holding only that, in virtue of the above statutory provision, where a guardian has already been appointed upon the ground of disability of "minority," and such guardian has not resigned or his guardianship revoked, the probate court has not jurisdiction to appoint another and separate person as guardian of the "minor." And the special facts are not suitable to the application of the above statute. Here there are not two different persons applying for and appointed as guardian upon the ground of disability of minority nor upon the ground of disability of mental unsoundness. There is a single appointment, and the appointee in each instance is the same identical person. It is thought that the conclusion that the same person can be appointed guardian for each disability for which the law allows a guardianship is in line with and not opposed to the spirit and purpose of the statutory provision being considered. Neither does any article of the statutes, as they were originally passed (General Laws, vol. 8, p. 1011) and as presently existing, expressly or impliedly provide that only a person who has reached his majority, and is not a minor, can be put under a general guardianship for lunacy or unsound mind. As has been held, there is no legal objection to the putting under general guardianship of a minor, where minority and mental unsoundness coexist during minority. Francklyn v. Sprague, 121 U. S. 215, 7 S. Ct. 951, 30 L. Ed. 936; In re McMillan, 126 App. Div. 155, 110 N. Y. S. 622. The combining of the field of "minority" and the existing field of "mental unsoundness" and the appointment of the same person as guardian of the person and estate of the ward would not in any wise present a situation legally conflicting and inconsistent, for the two fields can easily stand together in harmony and not conflicting in legal authority to the guardian. The authority of the guardian would be equal and the same in the one instance as in the other. When the two fields are combined together in one proceedings, the guardian exercises the same and no greater functions, and has the same and no different legal control and authority of the ward's property during the period of minority. Ordinarily a minor under the disability of mental unsoundness is not upon that ground alone placed under guardianship, and such was not the case in the present proceedings.

■■ Under the statute the guardianship of a minor ends when he becomes twenty-one years old, and the guardianship of a person of unsound mind ends when intelligence supervenes. Article 4128, R. S. But that difference does not present a legal objection nor complication in the way of uniting and combining the proceedings, as was done in the present case. If the mental disability were to disappear before or by the time of the expiration of the minority, the term of guardianship in entirety would be legally ended at the expiration of the minority. Minority would not be the only reason for the continuation of the guardianship in case the mental disability were to remain after minority has passed, for then a valid legal reason for the continued retention of custody and control of the estate and the continuation of the guardianship of the ward would remain. A necessity of the control through guardianship would continue to exist until the mental disability disappeared. Therefore, if it would be competent, as is shown to be, to start the proceedings for guardianship upon the ground of mental disability on the very day the minor arrived at his majority, then setting the proceedings in motion earlier and at the time of the proceedings begun for "minority" would be justified either upon the ground of avoidance, circuity of action or upon the ground of expediency. The jurisdiction of the court would not be in any wise lacking because the proceedings were set in motion at the earlier time. It is thought that the order of the probate court appointing the guardian in the present case cannot be considered as legally null and void because in-

cluding both the field of "minority" and the field of "mental unsoundness," both grounds coexisting at the time. And neither can the proceedings be considered void upon the ground that the appointment of the guardian was made first temporary then permanent. Article 4272, providing for the appointment of the guardian "in the same manner as in the case of a minor," operates to make applicable all of the provisions relating to both the temporary and the permanent appointment of the guardian.

■■ The next question is that of whether or not the period of the lease was terminated. The lease was for the "term of five years, and as long thereafter as oil, gas or other minerals is produced from said lands under said lease by said Lessee, his heirs or assigns." The statute expressly provides that "no such lease shall extend beyond the time that the ward shall become twenty-one years of age, unless at that time the lessee shall have discovered such minerals as are specified in the lease, or any of such minerals, upon the premises described in such lease" art. 4192, Subdivision 5, Vernon's Ann. Civ. St. Henry Clark became twenty-one years old on February 14, 1930. When he reached his majority, neither oil, gas, nor any other mineral had been discovered on the leased land. The statute having expressly fixed the expiration of the lease at the passing of the minority of the ward, the restriction would limit the power of the probate court and the authority of the guardian to lease for a term beyond the period so prescribed. The lease would be valid for the period of time authorized by the statute and void only for the excess term above the power to lease. But the statutory period of time applicable to the expiration of guardianship for "minority" would not control and have application to the guardianship proceedings for "mental unsoundness". As seen from the terms of the statute above referred to, the guardianship for the disability of mental unsoundness does not terminate merely upon such minor's attaining his majority. The five-year period of lease would prevail unless Henry Clark was restored to mental soundness before the five years passed. And there is no proof in this case that the minor was restored to mental soundness. Therefore, it cannot be held that the term of the lease, in view of the proof, has terminated.

The judgment is accordingly reversed, and judgment is here rendered in favor of the appellant, the Pure Oil Company, that the appellee Henry Clark, appearing herein by and through his next friend, James M. Shields, recover nothing in his suit. James M. Shields, as next friend of Henry Clark, will pay all costs of the trial court and of this appeal.